ESTHER SHAUGHNESSY vs. HOWARD MORRISON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 10th—decided May 16th, 1933.

*John F. McDonough,* for the appellant (defendant).

*Thomas R. Fitzsimmons,* with whom was *William F. Geenty,* and, on the brief, *Philip R. Pastore,* for the appellee (plaintiff).

AVERY, J. The trial court has found the following facts: The Boston Post Road, which extends from New London to New Haven, is a concrete highway; and, as it approaches Guilford, it divides, the left branch turning into the town at an angle of approxi-

mately forty-five degrees, while the right branch continues substantially straight with a slight curve to the left in the direction of New Haven. On this branch, a little distance east of the point of separation, a slight down grade begins and continues in a westerly direction for a considerable distance. Drivers of vehicles cannot observe cars coming from the opposite direction until close to the top of the grade. At the point of the collision, hereinafter referred to, and for a considerable distance east and west thereof, a white line was painted in the highway. This line was not in the center but divided the road in such a manner that the northerly part was substantially less in width than the southerly part. May 11th, 1931, plaintiff was driving her automobile toward New Haven, and, as she approached Guilford, intended to continue straight ahead on the right-hand branch. At that time, the defendant was traveling in an easterly direction, driving an automobile owned by one Marshall Guill in which the latter was then riding. As the two cars arrived at a point about two hundred feet east of the fork of the roads, they collided. At the time plaintiff's car was traveling on her right, or north, of the center of the highway although slightly to the left of the white line, and was in such a position that at no time prior to the collision was it necessary for her to turn to the right to allow any automobile coming in the opposite direction to pass. Immediately prior to the collision, the defendant was traveling at a high rate of speed, considerably to his left of the center of the highway. There was no other traffic on the road at the time.

The appellant claims error in the action of the trial court: First, in finding that the defendant was the driver of the car which collided with the plaintiff; and, second, in overruling defendant's claim that the plain-

tiff was guilty of contributory negligence. The appellant contends that there was no credible evidence that the defendant Morrison was the operator of the Guill car. The court, however, has found, and the finding is supported by evidence, that both the defendant and Guill were employed by the same manufacturing company in Providence; and, at the time of the accident, were on their way to the headquarters of that company; that after the collision, the body of Guill was found hanging out of the right side of the automobile in which he was riding, with the lower part of the body still in the automobile and his head upon the pavement. He was unconscious and later died. The defendant Morrison suffered a fracture of the skull and was also unconscious. Immediately after the accident, he was taken out of the automobile from a position directly behind the steering wheel on the left-hand side where the steering gear was located, his body being drooped over the broken steering apparatus. The defendant eventually recovered consciousness; but, by reason of the injuries received, he was deprived of his memory for a long period thereafter, and, at the time of trial, he was unable to remember any of the events immediately connected with the accident.

The testimony amply supports the inference that Morrison was driving the Guill car at the time of the collision and the finding to that effect. Courts must necessarily rely on circumstantial evidence in many cases and may draw reasonable and logical inferences from facts existing prior to or subsequent to an event for the purpose of reaching a conclusion of fact. *Weidlich* v. *New York, N. H. & H. R. Co.,* 93 Conn. 438, 445, 106 Atl. 323; *Ruerat* v. *Stevens,* 113 Conn. 333, 338, 155 Atl. 219.

The trial court visited the scene of the accident, and, from the evidence and its personal inspection, found

that the white line in the highway was not in the center but some distance north of the center, so that the traffic lane on the north of the line was narrower than the lane to the south of it. It was also found that the plaintiff was driving, at the time of the accident, on her own right hand of the center of the highway, slightly to the left of the white line; but that she was in such a position that at no time prior to the collision was it necessary for her to turn to the right to allow an automobile coming in the opposite direction to pass; and that the defendant was traveling at high speed considerably to the left of the center of the highway.

The rules of the road, General Statutes, Cum. Sup. 1931, § 306a, provide: "Any person, when driving, operating or having the custody of a vehicle on the highway, who shall meet any person walking, driving, riding or leading a horse or other animal, or driving or operating a vehicle in the traveled portion of such highway, shall reduce its speed when reasonable care shall require and seasonably turn to the right so as to give half of the traveled portion of such highway, if practicable, and a fair and equal opportunity to the person so met to pass. . . ." Even if the plaintiff could have been held negligent in driving slightly to her left of the white line, although at this point substantially to her right of the center of the highway, the court would have been amply justified in holding that such action was not a proximate cause of the collision. The unquestioned finding is that the right front portion of the automobile which the defendant was driving collided with the left front portion of the plaintiff's car. It is clear therefrom, and especially from the photographs of the two cars, that when the impact occurred, the car driven by the defendant was so far to its left that the collision would have occurred if all

the plaintiff's car had been to its right side of the white line. An act or omission can hardly be regarded as the cause of an event which would have happened if the act or omission had not occurred. *Mazzotta* v. *Bornstein,* 104 Conn. 430, 441, 133 Atl. 677.

There is no error.

In this opinion the other judges concurred.