HELEN D'AMATO vs. FRANK K. ENGLISH.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 5th—decided December 1st, 1936.

*John T. Monzani,* for the appellant (plaintiff).

*Walter E. Monagan* and *Walter E. Monagan, Jr.,* for the appellee (defendant).

HINMAN, J. The plaintiff was a passenger in an automobile operated by Joseph Santos, traveling westerly on a state highway in Waterbury which, including six-foot shoulders on each side, was thirty-two feet wide. The defendant's car, driven by Rudolph Egert, was the second of three automobiles traveling easterly, the first being operated by a Mrs. Newcomb and the third by a Miss Kaya. It was daylight and the roadway was dry. The Newcomb car pulled slowly to the south side of the road and came to a stop with its right wheels on the shoulder. Thereupon the driver of the defendant's car, which was about forty-five feet behind the Newcomb car and traveling between fifteen and twenty miles per hour, turned to his left to pass it. He then had an uninterrupted vision of the approaching car in which the plaintiff was riding which, when he first saw it, was about four hundred feet distant, on its right side of the road, traveling about twenty-five miles per hour. In passing the Newcomb car he "pulled not more than one foot to his left of the center of the highway." Santos suddenly swerved his car sharply to his left in an attempt to go between the Newcomb car and that of the defendant. Immediately upon observing this Egert applied his brakes "and brought his car to a stop with its left side slightly to the left of the center of the highway," opposite the front door of the Newcomb car, but the Santos car continued in motion and the two cars collided, the

right front of each being damaged, and immediately thereafter the Kaya automobile struck the rear of the defendant's car. Immediately prior to the collision "there was plenty of room and opportunity" for the Santos car to pass between the defendant's car and the state highway fence which was at the edge of the northerly shoulder.

From the facts found, including the foregoing, the trial court concluded that the sole and proximate cause of the plaintiff's injuries was the negligence of the driver of the car in which she was riding "in turning to his left instead of keeping on his course and using the unoccupied portion of the road, which was ample to allow him to pass in safety had he been using due care;" also that Egert, the operator of the defendant's car, was free from negligence.

No attempt to change the finding is made by the appellant but error is assigned in the conclusion that there was ample space and opportunity for the Santos car to proceed and pass in safety on the north (its own right) side of the road. The finding expressly so states as a fact, but the appellant contends that other paragraphs indicate the contrary. She claims that the finding that Egert "pulled not more than one foot to his left of the center" means that the entire car was to the left of the center. To this we cannot accede; the ordinary construction would be that the left side of the car was slightly to the left of the center, and confirmation of this is afforded by the findings as to the position in which the Newcomb car and that of the defendant stopped—the former "only partially on the highway" and the latter "with its left side slightly to the left of the center." The fact, also found, that after the collision both the defendant's and the Kaya car stood on the north half of the highway are not necessarily inconsistent with the findings as to the

situation before the collisions, in view of the probable effect of the impacts and other incidents of the collisions upon the subsequent positions of these cars. If, as we hold, the conclusion that Santos had ample room to pass has sufficient support from the facts found, the further conclusion that he was negligent in not utilizing it instead of adopting the course he did is well justified.

The finding includes a statement that "the defendant's operator gave no signal to approaching traffic that he was turning out to pass the Newcomb car." The appellant claims that this establishes a violation of the statutory rule—General Statutes, Cum. Sup. 1933, § 452b—which requires that each driver "if he intends to turn or change his direction . . . shall indicate by signal such intention and the direction in which he intends to proceed," constituting negligence per se and precluding the conclusion that Egert, the operator of the defendant's car, was free from negligence. *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310; *Murphy* v. *Way,* 107 Conn. 633, 636, 141 Atl. 858; *Madison* v. *Morovitz,* 122 Conn. 208, 188 Atl. 665. Even so, such negligence affords a basis for recovery only if it is the proximate cause of damage (*Pietrycka* v. *Simolan,* supra, p. 495) and the conclusion that the negligence of Santos was the sole proximate cause of the plaintiff's injury excludes this essential element as pertains to any negligence of Egert. The circumstances disclosed by the finding strongly suggest, as in *Barry* v. *Leiss,* 109 Conn. 484, 488, 147 Atl. 18, a situation where even if Egert had given, seasonably, the usual hand signal of an intention to change direction to the left to pass the Newcomb car, Santos very likely could not or would not have seen it although in the exercise of reasonable care and diligence, so that failure to give it would have no bearing upon the legal

duty of one to the other. At most, we cannot say that the trial court could not reasonably have held, as it did, that negligence of Santos was the sole proximate cause, and that conclusion is decisive as to liability. *Shaughnessy* v. *Morrison,* 116 Conn. 661, 665, 165 Atl. 553.

As we find no error on the plaintiff's appeal, there is no occasion to consider the defendant's bill of exceptions based upon a contention that the operator of the defendant's car was not, at the time, his agent but that of a third party, an independent contractor.

There is no error.

In this opinion the other judges concurred.