Riley, P. J.
This action of tort, brought by a Massachusetts resident, arises out of a collision of motor vehicles *22 in the State of Connecticut. The defendant’s bus and the plaintiff’s automobile, which he was driving, were proceeding in the same direction toward an intersection of three public ways, at which travel is controlled by a rotary traffic circle. Just before the accident the plaintiff and the defendant’s bus were traveling on the right of the rotary circle which was restricted to one way traffic in the direction in which both vehicles were proceeding. The bus intended to continue straight ahead through the rotary circle and the plaintiff intended to turn to his left around the rotary to take the road to Webster.
The plaintiff’s contention is that he had partly completed his turn to the left when the defendant’s bus approached on his left-hand side and came into contact with the left side of the plaintiff’s automobile, pushing it off the highway and causing the plaintiff’s damage.
The defendant’s evidence tended to show that as the bus approached the scene of the accident it was going about 30 to 35 miles an hour and that when it entered the portion of the road restricted to one way traffic it was going 20 to 25 miles per hour; that the plaintiff’s automobile was on the extreme right of the bus and slowing down; that the driver of the bus turned to the left intending to pass the plaintiff’s vehicle and that when the front of the bus was about even with the rear of the plaintiff’s automobile, the plaintiff, without warning* or signal, made a sharp turn in front of the bus; that the bus driver turned to his left but that the front corner of the bus struck the left side of the plaintiff’s automobile and then continued some distance, knocking down some of the standards marking the rotary area. The accident happened on a clear, warm day between 2 and 3 P. M. The defendant offered in evidence General Statutes of the State of Connecticut, § 1644 (Cum. Sup. 1935, § 637-C). This provides “Driver to Signal. *23 Each driver of a vehicle, before slackening its speed, stopping or backing, shall indicate by signal his intention to slacken its speed or to stop, or to back and, if he intends to turn or change his direction, or to leave or draw away from a curb or the edge of the highway, he shall indicate by signal such intention and the direction in which he intends to proceed.”
The trial judge found for the defendant and apparently adopted its version of the accident. In his finding, filed with his Decision, he found that “When the front end of the bus had reached a point parallel with the rear end of the plaintiff’s vehicle the plaintiff’s automobile turned suddenly to its left in front of the overtaking bus. . . .
“The plaintiff gave no signal of any kind indicating his intention to change the course of direction of his vehicle. The distance between the bus and the plaintiff’s vehicle when plaintiff turned, was insufficient to permit the operator of the bus to avoid the accident after seeing the change of direction of the plaintiff’s vehicle.
“Therefore, on all of the evidence I find and rule that the plaintiff failed to give the signal required by the general statutes of the State of Connecticut, § 1644 (Cum. Sup. 1935, § 637-C), and that his failure so to do and making a left turn contributed materially to the collision and therefore was guilty of contributory negligence. On all of the evidence I find that the employee of the defendant was in the exercise of due care.”
The plaintiff filed the following requests for rulings:
(1) Under the law of the State of Connecticut the way and manner in which the Defendant’s agent and servant operated the Defendant’s bus was the sole and proximate cause of the accident, and the injuries and property damage that resulted to the Plaintiff. Denied*. (2) It was the duty of the Defendant’s agent to *24 observe the signs at the point where the accident occurred and to govern the speed and the course of the bus accordingly. Denied because the court found as a fact that the operator of the bus was in the exercise of due care, but it was conceded to be a correct abstract proposition of law. (3) If it may be found that the Plaintiff failed to give a hand signal if this is required by law, he is not precluded from recovering unless such failure was the proximate cause of the accident. Denied because the court found that the Plaintiff’s failure to give any signal contributed materially to the accident. (4) The Defendant’s vehicle must be operated only at such speeds as will enable the operator to make a timely stop to avoid collision. If he fails to do so he is responsible for the damages he thereby causes. Denied because the judge found that the Defendant’s employee was in the exercise of due care. (5) Under the law of Connecticut, it is actionable negligence to fail to comply with the statutory provisions with regard to traffic and when injury results it gives a cause of action to the person injured if his own negligence did not contribute materially to his injuries. Denied because of the findings of fact by the judge or because the requests were inconsistent with his findings. (6) It is not essential to a violation of the statute that the Plaintiff failed to give a hand signal. Unless this violation contributed materially to the cause or was not the proximate cause of the accident he is entitled to recover. Denied because the court found that the Plaintiff’s failure to give any signal contributed materially to the accident. (7) The Plaintiff may recover even though there was a violation of the statute in failing to give a hand signal as this does not reheve the Defendant in doing an unlawful act which is the proximate cause of the accident. A person does not necessarily put himself outside the protection of the law if his violation does not materially contribute to the cause of the accident. Denied because the judge found that the Defendant’s employee was in the exercise of due care. (8) Any violation of the statute with relation to operation does not necessarily preclude the Plaintiff from recovering. It must also appear that such violation was the proximate *25 cause of the injury sustained. Denied. (9) Evidence of the value of a motor vehicle before and after its injury may be considered with the fair cost of its repair in determining the amount of the owner’s loss and damage, for in a case of this kind damages cannot always be computed mathematically. Denied because it became irrelevant in view of the findings of fact. (10) The Plaintiff had a right to rely upon a proper observation by the Defendant’s agent of the law relating to speed, distance between the vehicles, as between the Plaintiff’s vehicle and the Defendant’s and to anticipate that at a rotary traffic regulation the Plaintiff mig*ht make a left turn, especially where the traffic was controlled by rotary signs. Denied because of the findings of fact by the judge or because the re-guests were inconsistent with his findings.
As the accident happened in Connecticut, the law of that State determines whether or not a right of action exists while the law of Massachusetts governs pleadings, evidence and practice. Levy v. Steiger, 233 Mass. 600 at 601, and cases cited. Under the law of Connecticut the violation by a party of a statute similar to the one offered by the defendant, constitutes negligence. Jones v. Kailenta, 117 Conn. 691; D’Amato v. English, 122 Conn. 259. It is true that under the law of that State a plaintiff may have been negligent in the violation of a statute or in any other matter and still may recover if such negligence is not the proximate cause of the accident. Farrington v. Cheponis, 84 Conn. 1 at 7 and 8. However, it was held in D’Amata v. English, supra, that negligence which is the sole proximate cause is decisive as to liability. Shaughnessey v. Morrison, 116 Conn. 661, 665; Rivkin v. Gombeia, 130 Conn. 378. The judge in the case at bar specifically found that the defendant’s employee was in the exercise of due care and the plaintiff’s violation of the statute in question and his making of a left turn contributed materially to the collision between the vehicles. It was held in Coffin v. Laskin, 89 *26 Conn. 325, that conclusions of fact reached by the trial court and embodied in its finding will not be disturbed if there is any evidence to support them. This is in accord with the well established rule in Massachusetts. Abele v. Dietz, 312 Mass. 685 at 690, and cases cited. As before indicated, it was possible that the judge could have concluded that the plaintiff’s negligence, which he found, was not a proximate cause of the collision, but he was well warranted in finding as a fact, which he did, that the plaintiff’s contributory negligence was a proximate cause and prevented his recovery.
It is clear that the judge was not required to give the plaintiff’s 1st Request. This called for a ruling of law that the plaintiff was entitled to recover, which rarely if ever can be given when a case is tried upon conflicting evidence. Winchester v. Missin, 278 Mass. 427 at 428, Requests 2, 4, 5 and 10 deal with the conduct of the defendant and its duties in the operation of a motor vehicle and, insofar as they were not given by the judge, there is no error in their refusal as he found that the plaintiff could not recover because of his contributory negligence, which was a proximate cause of the accident. Requests 3, 6, 7 and 8 relate to the effect of the violation of the statute or other negligence by the plaintiff and, insofar as they were not given, they were fully covered by the judge’s finding of fact in relation to the plaintiff’s conduct and its effect upon his right of action. Request 9 relates solely to damages and was not relevant in view of the finding for the defendant. We find no error in the manner in which the court dealt with the plaintiff’s requests for rulings in view of his findings of fact, which were warranted upon the evidence. Memishian v. Phipps, 311 Mass. 521, and cases cited.
One question of evidence was reported by the trial judge. The plaintiff, in cross-examination of the defendant’s bus driver, asked him if a police officer did not tell him that he *27 was to be charged with speeding and the witness answered “Yes.” He was then asked if the officer did not tell him that he was to be charged with speeding, passing at an intersection and operating so as to endanger life and property, and the question was excluded upon objection of the defendant. The exclusion of the question was clearly right. If the answer sought could have been said to have been an admission on the part of the bus driver, it was not competent against the defendant. Nager v. Reid, 240 Mass. 211. Furthermore, it had no probative force to show negligence on the part of the defendant. Blackman v. Coffin, 300 Mass. 432, 437. No error of law appearing in the trial of the case, the Report is ordered Dismissed.

 The trial court’s ruling and findings on each of the Plaintiff’s Requests for Rulings are printed in italics following the request.