## WARREN F. PEICHERT *v.* DERICK A. JANUARY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 15, 1954—decided February 8, 1955

*Snow G. Munford,* for the appellant (defendant).

*Aaron P. Slitt,* with whom was *Robert B. Eddy,* for the appellee (plaintiff).

WYNNE, J. In this action the plaintiff sought damages for personal injuries and repairs to his automobile. His claim arose out of a highway accident involving an automobile operated by the defendant. The defendant denied fault on his part and sought his own damages by filing a counterclaim. The issues were tried to a jury, who returned a verdict for the plaintiff. A motion to set aside the verdict was denied, and the case is before us on the defendant's appeal.

The assignments of error, aside from those concerning the trial court's denial of the motion to set aside the verdict, attack the finding in thirteen particulars and the charge. It is necessary first to dispose of the claim that the finding included facts, claimed to have been proven to the jury, which are not supported by evidence. The appendix filed by the plaintiff shows that each and every one of the paragraphs specified as having been found without evidence were in fact based on testimony that was before the jury. A finding in a case tried to a jury is not a statement of facts which the trial court has found proven but a narrative of the facts claimed to have been proven by the parties, made for the purpose of presenting any claimed errors in the charge or rulings of the court. *Fierberg* v. *Whitcomb,* 119 Conn. 390, 392, 177 A. 135. It serves no useful purpose to seek corrections in the finding which would not make clearer the situation as related to the claimed errors. *Voronelis* v. *White Line Bus Corporation,* 123 Conn. 25, 27, 192 A. 265. In the case before us, the finding as made sufficiently presents the determinative issues as to the charge, and we

therefore have no need to consider further the corrections sought.

The plaintiff claimed to have proved the following facts: On May 20, 1952, at about 4 p.m., the plaintiff was driving in a westerly direction on Asylum Avenue in Hartford. He was in the extreme right lane of traffic and was about five feet from the northerly curb. It was raining at the time. As he approached a driveway which it was his intention to enter, he slackened his speed to between six and ten miles an hour. He glanced in his rearview mirror and saw defendant's automobile about seventy-five feet away as he started to turn into the driveway. The defendant's automobile crashed into the right side of plaintiff's automobile as the plaintiff was making his turn. The defendant claimed, and it was admitted by the plaintiff, that the latter failed to signal before he made the turn. The defendant requested that the court charge as follows: "The violation of this statute was negligence as a matter of law. I charge you under the circumstances you are bound to find that the plaintiff has violated the statute because he has admitted that in his testimony. A violation of this statute constitutes negligence."

The charge as given included the following: "There are certain other specifications of negligence, ladies and gentlemen, in the complaint, in the special defense and in the counterclaim, which have to do with questions of speed and questions of the violation of the statutory rule. One of those statutes which we are to consider reads as follows. It is entitled Section 2494 as amended by Section 1072c, and it starts off: 'Driver to Signal. Each driver of a vehicle, before slackening its speed, stopping or backing, shall indicate by signal his intention to slacken its

speed or [to] stop or to back and, if he intends to turn or change his direction, or to leave or draw away from [a] curb or the edge of the highway, he shall indicate by signal such intention and the direction in which he intends to proceed.' A violation of such a statute, ladies and gentlemen, is a ground of negligence. . . . Then, of course, if you find that the statute was violated, ladies and gentlemen, next you are to decide whether or not the violation of that statute was the proximate cause of this accident. If, of course, it was not the proximate cause of this accident, then you have the further question to consider as to whether or not you would find liability for the plaintiff if he were not himself guilty of contributory negligence."

This was a substantial compliance with the request. The court was correct in calling the attention of the jury to the fact that even though there was a violation of the statute, it was still a question for them to determine whether the failure to signal was a proximate cause of the collision. *D'Amato* v. *English,* 122 Conn. 259, 262, 188 A. 663; see *Essam* v. *New York, N.H. & H.R. Co.,* 140 Conn. 319, 325, 99 A.2d 138.

As to whether the verdict was contrary to the evidence, the only question is whether the jury could reasonably have found that the plaintiff's failure to signal was not a materially contributing factor in causing the collision. The mere failure to signal was negligence as a matter of law. *Essam* v. *New York, N.H. & H.R. Co.,* supra. Whether such negligence was a proximate cause of the collision was a question of fact. The jury might well have found that the collision would have occurred even if a signal had been given as required by statute. They might have found that, by reason of the distance between

the two cars and their respective positions on the highway at the time a hand signal should have been given, the signal, if given, would not have been visible to the defendant. See *Shaughnessy* v. *Morrison,* 116 Conn. 661, 665, 165 A. 553; *D'Amato* v. *English,* supra; *Weinstein* v. *Hallas,* 140 Conn. 387, 390, 100 A.2d 733.

Regarding the claim that the verdict was excessive, the following facts appear: The damage to plaintiff's automobile was $357.18. The plaintiff sustained a ligamentous injury to his lumbosacral spine. He incurred medical bills of $90. At the time of the trial he was still suffering discomfort in his back. His loss of earnings as a result of the injury amounted to $1500. The jury returned a verdict of $2500. On the most favorable basis from the plaintiff's proof, the damages were not excessive.

It appears that the defendant appealed from the denial of the motion to set aside the verdict and not from the judgment. See General Statutes § 8003 and Practice Book § 377. We have just decided that such an appeal is not void. *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 75, 111 A.2d 547. There was no advantage taken of the defect in the instant case within the proper time.

There is no error.

In this opinion INGLIS, C. J., BALDWIN and DALY, Js., concurred; O'SULLIVAN, J., concurred in the result.