JAMES BEVINS *v.* STEPHEN BREWER ET AL.

JESSIE M. HANSON *v.* STEPHEN BREWER ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 5—decided December 2, 1958

*DeLancey Pelgrift* and *George D. Stoughton,* for the appellants (defendants Hanson in the first case and defendant Raymond D. Hanson in the second case).

*Robert L. Halloran,* for the appellant (defendant Brewer in the first case).

*Robert B. Cohen,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellee (plaintiff in the first case).

*Jacob Bresnerkoff,* for the appellee (plaintiff in the second case).

KING, J. These two cases, tried together, arose out of a collision on May 15, 1953, in an intersection in Hartford between automobiles operated by the defendants Stephen Brewer and Raymond D. Hanson. The Hanson car was approaching from the east as the Brewer car, coming from the west, made a left turn to the north. In the first case, James Bevins, a passenger in the Brewer car, sued Brewer as well as Raymond D. Hanson and his wife, the defendant Jessie Hanson, owner of the Hanson car. The agency of Hanson under the family car doctrine was admitted. In the second case, Mrs. Hanson sued Brewer and also her husband as the operator of her own car, in which she was a passenger, under the rule of cases such as *Donohue* v. *Jette,* 106 Conn. 231, 232, 137 A. 724. In the first case, the jury returned a verdict against all defendants. In the second case, the verdict was against Hanson only. Other necessary facts will be mentioned in the course of the opinion.

We first consider the claims of error of the defendant Brewer. Since the verdict was in his favor in the second case, these are of course restricted to the first case. He filed no requests to charge.

The finding discloses that at the close of the charge counsel for Brewer said: "Your Honor, with reference to the suggestion I made, before the jury goes out?" To which the court replied: "I think that is covered generally now." Counsel for Brewer said nothing more and counsel for the defendants Hanson thereupon started to address the court. It is impossible to determine from this record what counsel for Brewer had in mind in the quoted remark. It is not

even clear that he was taking an exception. Certainly, there was an utter failure to comply with the rule which requires, except as to matters covered by a proper request to charge, that counsel, immediately after a charge is delivered, distinctly state any matter objected to and the ground of the objection. Practice Book § 153. Upon request, the court is required to afford an opportunity for exceptions to the charge to be taken in the absence of the jury. Ibid. In his brief, counsel for Brewer states that he had referred to the court's treatment of the so-called emergency rule. This rule is given in *Degnan* v. *Olson,* 136 Conn. 171, 177, 69 A.2d 642. While we accept, as correct, counsel's statement of what he had in mind, there is nothing to indicate that the court correctly understood what he had in mind. It may have thought he was referring to an entirely different matter. Had counsel conformed to our simple rule, no question could have arisen. Ambiguous statements in the course of a trial cannot incorporate by reference undisclosed matters discussed in a chambers conference and be thus transmuted into exceptions effective under our rule. *Eamiello* v. *Piscitelli,* 133 Conn. 360, 363, 51 A.2d 912. We cannot act on "assumed rulings of the court that are not discoverable on the record." *Edward DeV. Tompkins, Inc.* v. *Bridgeport,* 94 Conn. 659, 677, 110 A. 183. There was no error as to the defendant Brewer.

We now turn to the claims of error of the defendants Hanson in the first case and the defendant Raymond D. Hanson in the second. They requested a charge as to Brewer's duty to grant Hanson, whose car was to the right of the Brewer car as it made the turn, the statutory right of way if the cars were arriving at the intersection at approximately the same time, and as to Hanson's right to assume, until

as a reasonable person he was charged with knowledge to the contrary, that Brewer would yield the right of way to him. The court did in effect comply with this request to charge as to the right of way statute. Further on, also, it charged in effect that a person is entitled to assume that other persons will exercise reasonable care and will conform to the requirements of the law until the contrary appears to him or should have appeared to a reasonably prudent person. Under the circumstances, there was an adequate compliance with the request to charge.

The defendants Hanson also filed a request to charge on the statutory duty to signal a change of direction and that the mere act of turning a car is not a compliance therewith. The court charged that the law requires that a person making a turn on a highway "do it in a certain manner, and that is to give notice of it if there is a change in the direction in which he is going to operate his automobile that might involve other people." Since the court, without objection, stated that it was undisputed that Brewer gave no signal at all, the timeliness or manner of giving a signal was not involved. The charge was adequate even though it failed to set forth the requirements of a proper signal, as explained in cases such as *Madison* v. *Morovitz,* 122 Conn. 208, 217, 188 A. 665.

In exceptions to the charge, there was objection to the failure of the court clearly to instruct the jury that a violation of an applicable statute was negligence per se and that this rule would apply to a violation of the statute requiring an operator to keep to the right of the center of an intersection when turning, a violation of the statute requiring a reduction of speed on approaching an intersection, a violation of the signaling statute, and a violation of the

statute prescribing the right of way at an intersection. There was no claim that any of the parties to this action was under sixteen years of age so as to bring him within the exception accorded by § 7948 of the General Statutes to the usual rule concerning the effect of statutory negligence. Consequently, the rule raised in the exceptions taken should have been given. *Peichert* v. *January,* 142 Conn. 139, 142, 111 A.2d 811. The rule makes clear the difference in the effect of a violation of a statute under our law and under that of states such as Massachusetts. See *Gross* v. *Boston, W. & N.Y. St. Ry. Co.,* 117 Conn. 589, 594, 169 A. 613. In the case of each of the statutes referred to, the court explained that a violation of a statute was involved and that the statute "required" a particular course of conduct. While it would have been better to have directly responded to the exception, in view of the distinction made in the charge between allegations of common-law negligence and allegations of statutory negligence, the jury could not have failed to understand that a violation of a statute "requiring" a particular course of conduct constituted negligence.

The final exception to the charge was on the ground that it did not instruct the jury that a plaintiff could recover special damages only so far as they were reasonable, necessary and causally related. The court instructed the jury that the burden of proof of damages was on the plaintiff; that damages must be within the allegations of the complaint and caused by the negligence of one or more of the defendants; that fair and just compensation was to be made; and that this included compensation for expenses for medical attention. It also discussed loss of earnings and future earning capacity. While here again a more precise response to the exception

would have improved the charge, we cannot say that the charge was inadequate on this point.

Although it is claimed that the verdict in each case was against the evidence in that the jury could not find liability on the part of the defendant Raymond D. Hanson, we do not think it necessary to discuss this claim at length. In this intersection collision, even if the jury found that Hanson had the statutory right of way, we cannot as matter of law say that they might not have found him negligent as to lookout, speed and control in his use of it. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 A. 725; *Squires* v. *Wolcott,* 133 Conn. 449, 455, 52 A.2d 305; *Drobish* v. *Petronzi,* 142 Conn. 385, 387, 114 A.2d 685. There was no error in either case in the refusal to set aside the verdict as against the evidence on the issue of liability.

The claims that the verdicts of $15,000 in the first case and $10,000 in the second should have been set aside as excessive do not require analytical discussion. Each verdict fell within the limits of reasonable compensation under a permissible view of the evidence.

There is no error in either case.

In this opinion BALDWIN and MURPHY, Js., concurred; DALY, C. J., dissented from the portion which deals with the appeals of the defendants Hanson; MELLITZ, J., dissented.