ANTHONY BARTONE ET AL. *v.* JOHN F. MAHR

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 6—decided February 3, 1960

*Robert C. Danaher,* for the appellant (defendant).

*Robert M. Sharaf,* with whom, on the brief, was *Harold Borden,* for the appellees (plaintiffs).

MURPHY, J.   The plaintiff Bartone sustained rather moderate personal injuries, and the automobile of the coplaintiff was damaged, when on February 25, 1957, it was in collision on Airport Road in Hartford with a forty-three-foot tractor-trailer truck owned by the defendant. From a judgment for the plaintiffs the defendant has appealed. The court concluded that the truck driver was negligent, that his negligence was the proximate cause of the

collision, and that Bartone was not contributorily negligent. Mainly, the appeal is limited to those issues of liability.

The defendant is not entitled to any material change in the finding. The truck was proceeding easterly. Bartone was following it at a distance of thirty feet. Airport Road has two lanes with a double white line between them. Both vehicles were traveling at the same reasonable speed. The truck driver slowed the truck and turned to the left as though to enter an intersecting highway on the north. He then suddenly turned to the right to enter a private driveway on the south. He did not signal an intention to make either turn. Despite Bartone's attempt to avoid the collision, the left front of his car came in contact with the right rear wheel of the truck.

The failure of the truck driver to signal was in violation of statute and constituted negligence as a matter of law. General Statutes § 14-242; *Essam* v. *New York, N.H. & H.R. Co.,* 140 Conn. 319, 325, 99 A.2d 138. Whether such negligence was a proximate cause of the collision was a question of fact. *Peichert* v. *January,* 142 Conn. 139, 142, 111 A.2d 811. The trial court's finding that Bartone was not attempting to pass on the right cannot be changed. It follows that the court could properly conclude, as it did, that Bartone was not proven contributorily negligent.

There is no error.

In this opinion the other judges concurred.