CITY OF WATERBURY *v.* EAST PARK ASSOCIATES, INC. (10115)

FOTI, LANDAU and CRETELLA, Js.

Submitted on briefs November 8, 1991—decision released January 7, 1992

*George E. Mendillo* filed a brief for the appellant (named defendant).

*Edward W. Case* filed a brief for the appellee (third party defendant).

CRETELLA, J. This appeal presents the issue of whether a court is required to award expenses of litigation, including reasonable attorney's fees, to a condominium association pursuant to General Statutes § 47-253 (c).[1] Because we conclude that a finding of liability pursuant to § 47-253 (a)[2] mandates an award of

---

[1] General Statutes § 47-253 (c) provides in pertinent part: "Whenever the declarant is liable to the association under this section, the declarant is also liable for all expenses of litigation, including reasonable attorney's fees, incurred by the association."

[2] General Statutes § 47-253 (a) provides: "Neither the association nor any unit owner except the declarant is liable for that declarant's torts in con-

attorney's fees and expenses of litigation pursuant to § 47-253 (c), we reverse the trial court's refusal to award all expenses of litigation, including reasonable attorney's fees, incurred by the association in pursuing its claim against the declarant under § 47-253.

The following facts are relevant to this appeal. The city of Waterbury instituted this action against East Park Association, Inc., the condominium association for East Park Condominium, to enforce § 5.27 of the zoning ordinances of the city of Waterbury. Section 5.27 requires a suitable barrier between parking areas of condominium projects and abutting residential properties. The city's zoning enforcement officer determined that there was no fence or other barrier abutting the parking area of East Park Condominium, and this action was commenced to compel the association to remedy the violation.

The declarant, East Park Associates Limited Partnership, had neglected to construct the appropriate barrier at the time it obtained municipal approval of the condominium. The condominium association notified the declarant of the city's claim and subsequently filed a third party complaint against the declarant pursuant to General Statutes § 47-253 (a).

The trial court issued an injunction directing the condominium association to construct a fence along the boundary of the condominium parking area. With

nection with any part of the common interest community which that declarant has the responsibility to maintain. Otherwise, an action alleging a wrong done by the association must be brought against the association and not against any unit owner. If the wrong occurred during any period of declarant control and the association gives the declarant reasonable notice of and an opportunity to defend against the action, the declarant who then controlled the association is liable to the association or to any unit owner for (1) all tort losses not covered by insurance suffered by the association or that unit owner, and (2) all costs that the association would not have incurred but for a breach of contract or other wrongful act or omission."

respect to the third party complaint, the court found for the condominium association against the declarant pursuant to § 47-253 (a) (2) and required the declarant to reimburse the condominium association for the reasonable costs incurred in the construction of the fence. The court further found that the declarant's failure to comply with § 5.27 of the Waterbury zoning ordinance was an innocent and unintentional omission, and declined to award the condominium association its expenses of litigation and a reasonable attorney's fee, pursuant to § 47-253 (c). This appeal by the condominium association follows.[3]

Section 47-253 (c) provides, without additional qualification or condition, that whenever the liability of a declarant to a condominium association is established under § 47-253, the declarant "is also liable for all expenses of litigation, including reasonable attorney's fees, incurred by the association." Rather than making the award of expenses and attorney's fees discretionary with the court; see, e.g., General Statutes §§ 4-184a (b), 46b-87, 52-256b; the clear words of the statute mandate an award of litigation expenses and attorney's fees "[w]henever the declarant is liable to the association" under § 47-253. "[W]hen the words of a statute are plain and unambiguous, we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature." *Stitzer* v. *Rinaldi's Restaurant,* 211 Conn. 116, 118, 557 A.2d 1256 (1989); *Mayor* v. *Mayor,* 17 Conn. App. 627, 631, 554 A.2d 1109 (1989).

---

[3] In its brief, the declarant argues that the trial court improperly found a zoning violation by the association in the first instance and improperly found it liable to the association pursuant to General Statutes § 47-253 (a). Since the declarant has "failed to comply with Practice Book § 4005 relating to the filing of a cross appeal in this matter, we need not consider this claim." *Futterleib* v. *Mr. Happy's, Inc.,* 16 Conn. App. 497, 499, 548 A.2d 728 (1988). If an appellee wishes to change the judgment in any way, the party must file a cross appeal. See Practice Book § 4005.

Furthermore, a mandatory award under § 47-253 (c) advances the purpose of § 47-253. Section 47-253 (a) establishes the declarant's liability to hold the condominium association harmless for the costs and losses arising out of any wrong for which the declarant is deemed to be responsible. This is an *indemnification* requirement. See *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965) ("indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest"). Only a mandatory award of litigation expenses and attorney's fees incurred by the association will effectuate the indemnification purpose of § 47-253. See *Burr* v. *Lichtenheim,* 190 Conn. 351, 363, 460 A.2d 1290 (1983); *Link* v. *Shelton,* 186 Conn. 623, 632, 443 A.2d 902 (1982); *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* 6 Conn. App. 60, 82, 504 A.2d 1376, cert. denied, 199 Conn. 807, 508 A.2d 769 (1986).

Accordingly, upon finding the declarant liable to the condominium association under § 47-253 (a), the trial court should have found the declarant also "liable for all expenses of litigation, including reasonable attorney's fees, incurred by the association," pursuant to § 47-253 (c).

The judgment on the third party complaint is reversed and the case is remanded with direction to render judgment as on file except as to the matter of an award of expenses of litigation and for further proceedings for the limited purpose of determining the award of expenses of litigation, including reasonable attorney's fees, due the third party plaintiff.

In this opinion the other judges concurred.