[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motions to Strike #125 and #134
The plaintiff, Mountaindale Condominium Association, Inc., instituted this action against the defendants, Joseph Zappone, P.H.C., Inc., Town of Thomaston, Meyers Associates, P.C., Robert F. Young, Connie Nappier, Jr., Carmello Lecko as Executrix of the Estate of Robert Lecko and Robert Norton. In a thirty-six count complaint, the plaintiff alleges claims against the defendants including negligence per se, negligence, breach of express warranty, breach of implied warranty, fraud, intentional misrepresentation, negligent misrepresentation, violations of General Statutes Sec. 47-253, Sec. 47-220, Sec. 47-280, Sec.47-281, Sec. 47-211, breach of contract, breach of an implied duty of good faith and fair dealing, breach of a fiduciary duty, a violation of the Connecticut Unfair Trade Practices Act (CUTPA), nuisance and intentional or reckless conduct. These claims relate to the construction of Mountaindale Condominiums in Thomaston, Connecticut. The plaintiff claims that the defendants, in their respective capacities, are responsible for substantial construction defects in these condominiums.
Presently before the court are two motions to strike. The first motion was filed by the defendants Zappone and P.H.C., Inc. and seeks to strike the first, fifth, ninth, eighteenth and twentieth counts of the complaint on the grounds that they are legally insufficient. The second motion to strike was filed by the defendant Meyers Associates, P.C. on the grounds of misjoinder of a party and nonjoinder of a necessary party. The respective parties have filed memoranda of law in support and opposition to these motions.
"A motion to strike challenges the legal sufficiency of a CT Page 10243 pleading." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court is to construe the facts alleged in a manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). All well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6
(1989). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachosv. CBS, Inc., supra, 196 Conn. 108. If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 212 Conn. 142. "The exclusive remedy for misjoinder of parties is by motion to strike." Practice Book § 198. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
I. The Defendants Zappone and P.H.C., Inc.'s Motion To Strike
The defendants Zappone and P.H.C., Inc. move to strike the first, fifth, ninth, eighteenth and twentieth counts of the complaint. The defendants move to strike the first count, which alleges negligence per se, on the ground that there is no independent cause of action for negligence per se. The defendants argue that negligence per se is merely a way to prove a defendant's negligence by reference to a statutory violation rather than proving a deviation from the applicable standard of care. In opposition, the plaintiff argues that Connecticut recognizes an independent action based on negligence per se.
"If a plaintiff alleges that a statute, ordinance or regulation has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated." Commercial Union Ins. Co. v. Frank Perrotti Sons,Inc., 20 Conn. App. 253, 258, 566 A.2d 431 (1989). In D'Amato v.English, 122 Conn. 259, 188 A. 663 (1936), the court stated that "such negligence affords a basis for recovery only if it is the proximate cause of damage." Id., 262. "While the violation of an applicable statute by a person governed by it is ordinarily negligence per se, to constitute a common-law cause of action, that negligence must have been a proximate cause of the injury CT Page 10244 for which damages are sought." Nolan v. Morelli, 154 Conn. 432,444, 266 A.2d 380 (1967); see D. Wright, J. FitzGerald and W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) Sec. 38 ("merely establishing negligence per se is not enough to entitle the plaintiff to a judgment, as the plaintiff must also show the causative link between the negligence and the result").
The defendants are correct that the doctrine of negligence per se provides a way to prove a defendant's negligence by reference to a statutory violation rather than a deviation of the applicable standard of care. See Wendland v. RidgefieldConstruction Services, Inc., 184 Conn. 173, 178, A.2d (1981). Negligence per se, however, may also provide the basis of a common law cause of action where it is also alleged that such negligence is the proximate cause of the plaintiff's injuries.Nolan v. Morelli, supra, 154 Conn. 444; D'Amato v. English, supra, 122 Conn. 262; Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., supra, 20 Conn. App. 258. In this count, the plaintiff has not only alleged statutory violations constituting negligence per se, but also that such negligence was the proximate cause of the plaintiff's injuries. As such, the plaintiff has sufficiently stated a cause of action based on negligence per se. Accordingly, the motion to strike the first count is denied.
The defendants also move to strike the fifth count which alleges a claim that the defendants violated the implied warranty in General Statutes Sec. 47-121. The defendants argue that the plaintiff failed to commence suit within the three year limitation contained in this statute and that this limitation is jurisdictional and cannot be waived, even if a plaintiff alleges fraudulent concealment of a cause of action. The plaintiff, however, contends that a motion to strike is the improper means to raise the issue of statute of limitations, but instead is more appropriately raised as a special defense. Additionally, the plaintiff contends that it has alleged fraudulent concealment which tolls the statute of limitations.
General Statutes Sec. 47-121 provides that
 Subject to the provisions of section 29-265, the issuance by the building department of any municipality of a certificate of occupancy for any newly constructed single-family dwelling shall carry an implied warranty to the purchaser of such CT Page 10245 dwelling from the vendor who constructed it that such vendor has complied with the building code or the customary application and interpretation of the building code of such municipality. No action shall be brought on such implied warranty but within three years next from the date of the issuance of such certificate of occupancy.
Both parties rely on the recently decided Supreme Court decision in Bartone v. Robert L. Day Co., 232 Conn. 527, ___ A.2d ___ (1995). In Bartone, the plaintiff sued the defendants for negligent installation of a septic system and the court addressed the issue of whether the applicable statutes of limitation had been superseded by the fraudulent concealment of the existence of the home owners' cause of action. Id., 528-29. The plaintiff argued that since a septic system is buried during the course of construction, any defects arising out of its negligent construction were necessarily concealed by those who have direct or indirect responsibility for its construction. Id., 533. The court, however, rejected this argument, concluding that in the absence of clear and convincing evidence of fraudulent concealment, the statutes of limitation barred the plaintiff's claims. Id., 533-36.
In its decision, the court noted that it had previously held that defendants could not be held liable for fraudulent concealment without a showing of actual knowledge of deficiencies in the plaintiff's home construction; Id., 534, citing BoundBrook Assn. v. Norwalk, 198 Conn. 660, 504 A.2d 1047 (1986); and that a failure to warn the plaintiffs "after problems had developed" was not sufficient "without a showing that such a failure to warn was motivated by an intent to conceal from the plaintiffs the existence of a cause of action in order to delay their filing of suit." Id. The court also noted that this holding was consistent with the statutory policy regarding liability for new home construction as set forth in General Statutes Sec.47-121.
 General Statutes Sec. 47-121, which provides for a home owner an implied warranty that a newly constructed single-family home complies with the building code, expressly limits such a cause of action to a period of three years from the issuance of a certificate of occupancy. Although noncompliance with the building code often will not CT Page 10246 be immediately apparent to home owners, the legislature chose not to postpone the running of the statutory cause of action until the time when such noncompliance could reasonably be discovered.
Id., 534-35.
In the fifth count, the plaintiff alleges a breach of the implied warranty in Sec. 47-121. The complaint, however, alleges that the certificates of occupancy were issued in 1986 and 1987 and this action was not commenced until 1995, well beyond the express limitation of Sec. 47-121. The plaintiff, however, contends that this limitation is improperly raised on a motion to strike. The plaintiff is correct that the statute of limitations is generally properly raised as a special defense. Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). In two limited situations, however, the court will allow the use of a motion to strike to raise the defense of the statute of limitations. One of these situations "is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of liability itself as created, and not of the remedy alone.'" Id., 239-40. Section 47-121 is such a statute, and therefore its limitation may be properly raised on a motion to strike.
The plaintiff also contends that it has alleged fraudulent concealment and a continuing course of conduct which toll the limitations period. The plaintiff has not sufficiently alleged the necessary elements of fraudulent concealment, including that "the defendant's concealment of facts [was] for the purpose of obtaining delay on the plaintiff['s] part in filing a complaint on their cause of action." (Citations omitted) Bartone v. RobertL. Day Co., supra, 232 Conn. 533. Therefore, the limitation period in Sec. 47-121 is not tolled by the plaintiff's allegations of concealment.
Additionally, the plaintiff has not sufficiently alleged a continuing course of conduct on the part of the defendants that would toll the statute of limitations in Sec. 47-121. The plaintiff alleges that by creating the defects, failing to act properly and concealing the defects, the defendants engaged in a continuing course of conduct. This doctrine provides that "[w]hen the wrong sued upon consists of a continuing course of conduct, CT Page 10247 the statute does not begin to run until the course of conduct is completed." Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,244, 520 A.2d 1008 (1987). The plaintiff's bare allegations fail to sufficiently allege that the wrong sued upon, the defendants' alleged breach of the implied warranty under Sec.47-121, consisted of a continuing course of conduct sufficient to toll the limitation period under Sec. 47-121.
Since the plaintiff has failed to allege facts that would toll the limitation period under Sec. 47-121, the motion to strike the fifth count is granted.
The defendants also move to strike the ninth count of the complaint, which seeks recovery under General Statutes Sec.47-253. The defendants argue that this section is inapplicable to the present cause of action because its purpose is to give a condominium association a right of indemnification against a declarant should the association be sued by a third party for acts properly ascribed to the declarant. The defendants contend that this section does not apply when the association itself initiates suit against the declarant for damages. The plaintiff disagrees with the defendants' interpretation of the statute, arguing that it permits complaints by the association against the declarant. Additionally, the plaintiff claims that the relief sought by the plaintiff is a form of indemnification.
General Statutes Sec. 47-253 provides in part:
 Neither the association nor any unit owner except the declarant is liable for the declarant's torts in connection with any part of the common interest community. Otherwise, an action alleging a wrong done by the association must be brought against the association and not against any unit owner. If the wrong occurred during any period of declarant control and the association gives the declarant reasonable notice of and an opportunity to defend against the action, the declarant who then controlled the association is liable to the association or to any unit owner for (1) all tort losses not covered by insurance suffered by the association or that unit owner, and (2) all costs that the association would not have incurred but for a breach of contract or other wrongful act or omission. CT Page 10248
General Statutes Sec. 47-253(a). This section "establishes the declarant's liability to hold the condominium association harmless for the costs and losses arising out of any wrong for which the declarant is deemed responsible. This is anindemnification requirement." (Emphasis in original.) Waterburyv. East Park Associates, Inc., 26 Conn. App. 326, 330,600 A.2d 1050 (1992).
The plaintiff's complaint alleges that the defendants breached Sec. 47-253 by their tortious acts. This section, however, does not provide an independent cause of action for a condominium association for its breach. Under its plain language, the statute provides that an action alleging a wrong done by the association is to be brought against the association. Sec. 47-253(a). The statute then provides that if the association follows certain requirements, it may recover from the declarant for this wrong if it occurred during a period when the declarant was in control. Id. As such, the statute sets forth an indemnification requirement. Waterbury v. East Park Associates, Inc., supra,26 Conn. App. 330. In this case, the ninth count does not allege indemnification, which "involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest."Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412,207 A.2d 732 (1965). Instead, the ninth count alleges a breach of Sec. 47-253 and seeks damages for this breach. The statute does not give rise to a claim for damages for its breach, but instead provides for a means of indemnification. The ninth count does not allege such an indemnification claim, and accordingly the motion to strike is granted as to this count.
The defendants also move to strike the eighteenth count seeking unjust enrichment. The defendants argue that such a cause of action is only appropriate where no legal remedy is available. The defendants further argue that alternative pleading is only justified when the pleader does not know all the facts necessary to make an election of remedies. In this case, the defendants contend that the plaintiff has asserted twenty-two counts against the defendant P.H.C. that give the defendant numerous potential legal avenues for recovery, and thus preclude the equitable claim of unjust enrichment. The plaintiff argues that under both case law and this state's rules of practice, it may raise both legal and equitable claims in the same complaint.
At common law, pleadings had to be direct and certain and, CT Page 10249 thus, alternative pleadings were not permitted. Under our present rules of practice, however, a plaintiff is allowed to plead alternative and even inconsistent theories of liability against one or more defendants in a single complaint. See Practice Book Secs. 94, 137; Dreier v. Upjohn Co., 196 Conn. 242, 245,492 A.2d 164 (1984). Absent a showing of prejudice to the defendant, there is no general prohibition of inconsistent pleadings. Hanover Ins.Co. v. Fireman's Fund Ins. Co., 217 Conn. 340, 346, 586 A.2d 567
(1991).
In the present case, the defendants have presented no claim that they are prejudiced by the plaintiff's claim of unjust enrichment. Instead, they only claim that since the plaintiff has pleaded numerous other claims, they cannot plead the equitable doctrine of unjust enrichment. Without a showing of prejudice to the defendants, there is no reason why the plaintiff should not be permitted to plead the alternative equitable theory of unjust enrichment. Therefore, the motion to strike the eighteenth count of the complaint is denied.
The defendants finally move to strike the twentieth count of the complaint alleging a breach of a fiduciary duty. The defendants argue that there is no legally cognizable fiduciary relationship between a builder and a purchaser. The defendants contend that this case involves a commercial, contractual relationship that does not give rise to a fiduciary relationship. The plaintiff, however, argues that the question of whether a fiduciary duty exists is a question of fact reserved for the trier of fact and not properly decided on a motion to strike. Additionally, the plaintiff claims that it has alleged sufficient facts to state a breach of a fiduciary duty.
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill and expertise and is under a duty to represent the interests of the other." Dunham v.Dunham, 204 Conn. 303, 322, 528 A.2d 1123 (1987). The Connecticut Supreme Court has "specifically refused to define a fiduciary relationship in precise detail and in such manner as to exclude new situations." Alaimo v. Royer, 188 Conn. 36, 41, 448 A.2d 207
(1982). Whether or not a fiduciary duty exists is a question of fact reserved for the trier of fact and is not properly decided on a motion to strike. Connecticut National Bank v. Anderson,5 Conn. L. Rptr. 60, 61 (October 21, 1991, Pickett, J.). Accordingly, the motion to strike the twentieth count of the CT Page 10250 complaint is denied.
In conclusion, the defendants' motion to strike the first, eighteenth and twentieth counts is denied; the motion to strike the fifth and ninth counts is granted.
II. Defendant Meyer Associates, P.C.'s Motion to Strike
The defendant Meyer Associates, P.C. (Meyers) has also filed a motion to strike on the grounds of misjoinder and nonjoinder of a necessary party. The defendant Meyers argues that it did not perform, nor could it legally perform any of the engineering and surveying services that are at the heart of the claims against it because it was not a party to the contract for such services. It also argues that it is not necessary as a party for a complete determination of the issues raised in this complaint because it was not incorporated until July 7, 1986. It also argues that J. Terrence Meyers is a necessary party to this action because he was the sole party to the contract between the defendant Zappone for engineering and surveying services.[1] The plaintiff, however, argues that this motion is an improper speaking motion to strike. The plaintiff also argues that nothing in the complaint or evidence indicates that J. Terrence Meyers is a necessary party or that the defendant Meyers is not a proper party.
In counts twenty-two through twenty-seven, the plaintiff alleges the following claims against the defendant Meyers: negligence per se, negligence, violation of Sec. 47-220(b) and47-281, negligent misrepresentation, reckless and/or intentional misrepresentation, breach of contract. The complaint alleges that the defendants Zappone and P.H.C., Inc. hired the defendant Meyers to serve as engineers and/or surveyors for the Mountaindale Condominium project. The complaint does not allege when the defendant Meyers was hired, but does allege that the defendants Zappone and P.H.C., Inc. commenced construction and development of the Mountaindale project in April 1986.
In support of its contention that J. Terrence Meyers is a necessary party, the defendant Meyers submitted an alleged copy of the contract between Joseph Zappone and J. Terrence Meyers. This copy, however, is not signed and contains a date of May 6, 1985. It also states "RE: Pine Hill Condominiums." This document, therefore, does not show how J. Terrence Meyers is a necessary party to this action, since it is not signed and does not on its CT Page 10251 fact appear to relate to this action. Furthermore, nothing in the allegations of the complaint suggest that J. Terrence Meyers is a necessary party and that he is "absolutely necessary for a fair and equitable trial." Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182
(1990).
The defendant Meyers also contends that since it was not a party to the contract and was not incorporated until July 1986, it is not a proper party to this action. As stated earlier, the contract attached to their motion fails to show how the defendant is not a proper party. Furthermore, the court cannot conclude from the allegations of the complaint that the defendant is not a proper party. Instead, construing the allegations in a manner most favorable to the plaintiff, as is required on a motion to strike, the court concludes that the defendant Meyers is a proper party at this stage of the proceedings.
For these reasons, the defendant Meyers Associates, P.C.'s motion to strike is denied.
PICKETT, J.