DOROTHY S. MITCHELL *v.* MORRIS
SILVERSTEIN ET AL.
(AC 21180)

Landau, Schaller and O'Connell, Js.

Argued September 19—officially released November 20, 2001

*Morris Silverstein*, pro se, the appellant (named defendant).

*Richard B. Laschever*, with whom, on the brief, was *Gordon Bednarz*, for the appellee (plaintiff).

*David C. Rappe*, with whom was *Joseph E. Mascaro*, for the appellees (defendant Howard, Kohn, Sprague and FitzGerald et al.).

*Opinion*

LANDAU, J. The defendant Morris Silverstein[1] appeals from the judgment of the trial court ordering the partition of certain real property by sale. On appeal, the defendant claims that the court improperly approved the committee's sale of the property to a nonparty due to (1) the constructive fraud perpetrated by the court and the committee, and (2) the court's failure (a) to consider the minimal equitable interests of two owners in a portion of the property that is land-locked and (b) to approve the sale to the highest bidder.[2] We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In April, 1997, the plaintiff, Dorothy S. Mitchell, commenced an action against her brothers, the defendant and Samuel Silverstein, for an accounting, partition by sale and reimbursement with respect to certain real property in Bolton and Columbia in which each of the siblings had an interest acquired by an inheritance.[3] The plaintiff subsequently filed a motion to cite in, as party defendants, David C. Rappe, an attorney, and Howard, Kohn, Sprague and FitzGerald (law firm) by virtue of

[1] Morris Silverstein is the only defendant who is a party to this appeal; and we will refer to him as the defendant throughout this opinion.

[2] In his brief to this court, the defendant identified six issues, three of which concern the propriety of the judgment of partition by sale and are nothing more than restatements of two issues this court dismissed previously. We therefore will not consider the following issues in the defendant's brief: (1) Is the determination by the trial court that physical partition is impractical void for lack of jurisdiction because the trial court did not first attempt a physical division to establish and prove that a sale was necessary? (2) Is the determination by the trial court that a sale best serves the interests of the parties void for lack of jurisdiction because it lacks a finding of subordinate facts, or a sufficient finding of subordinate facts, as a foundation to establish and prove that a sale was necessary? (3) Is the determination by the trial court that physical partition is impractical improper because it is not supported by the actual facts?

[3] Apparently, there are long-standing disputes among the siblings that have been contested in both the Probate Court and the Superior Court.

an assignment to them of a portion of the plaintiff's interest in the real property. Rappe and the law firm each filed a counterclaim against the plaintiff seeking damages for nonpayment of legal services they had rendered to her. The defendant sequentially filed motions to dismiss and to strike the counts against the law firm and Rappe. The court denied the motions. The court rendered judgment on Rappe's counterclaim pursuant to a stipulation between the plaintiff and Rappe. The court granted the plaintiff's motion for partition by sale, appointed a committee and rendered a written judgment ordering partition by sale dated April 4, 2000.[4] The court granted the committee's application to approve the sale of the property to Michael Taylor and rendered judgment thereon on August 24, 2000. The defendant appealed.[5]

We decline to review the defendant's claims on appeal for the following reasons. First, we note that the defendant has represented himself throughout these proceedings. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 617–18, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

---

[4] A judgment of partition by sale is an appealable final judgment. *Neumann* v. *Neumann*, 134 Conn. 176, 55 A.2d 916 (1947); *Schmaling* v. *Schmaling*, 48 Conn. App. 1, 707 A.2d 339, cert. denied, 244 Conn. 929, 711 A.2d 727 (1998).

[5] The plaintiff filed a brief and appeared at oral argument. The plaintiff, however, failed to file a cross appeal as required by Practice Book § 61-8. "If an appellee wishes to change the judgment in any way, the party must file a cross appeal." *Waterbury* v. *East Park Associates, Inc.*, 26 Conn. App. 326, 329 n.3, 600 A.2d 1050 (1992). We, therefore, have not considered the plaintiff's brief or argument. See id.

The defendant's claims that (1) the court and the committee perpetrated a constructive fraud, and (2) the court failed to consider the minimal equitable interests of two owners in a portion of the property that is land-locked were raised for the first time on appeal. "This court will not consider claimed errors on the part of the trial court unless it appears that the question was distinctly raised at the trial." (Internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 22, 717 A.2d 77 (1998); see also Practice Book § 60-5. On the basis of our review of the record, we conclude that these claims are raised for the first time on appeal. We therefore refuse to review them. See *Pantanella* v. *Enfield Ford, Inc.*, 65 Conn. App. 46, 57 n.9, 782 A.2d 141, cert. denied, 258 Conn. 930, 783 A.2d 1029 (2001).

As to the defendant's claim that the court improperly approved the sale to a nonparty who was not the highest bidder, the record is inadequate for our review. The court did not write a memorandum of decision, and the defendant did not submit a signed copy of an oral decision. See Practice Book § 64-1. He also did not file a motion for articulation. "The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of provid-ing an adequate record for appellate review. . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete fac-tual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respect-ing [the defendant's claims] would be entirely specula-tive. . . . We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings. . . . Where the

transcript does not reveal the basis of the court's factual conclusion, we will not review the appellant's claims." (Citations omitted; internal quotation marks omitted.) *Strobel* v. *Strobel*, supra, 64 Conn. App. 621.

The judgment is affirmed.

In this opinion the other judges concurred.