Harold L. Kaplan *v.* Michele E. Kaplan

Bogdanski, C. J., Speziale, Peters, Parskey and Armentano, Js.

Argued June 5—decision released July 21, 1981

*Francis J. Foley III,* for the appellant (plaintiff).
*Lois J. Lawrence,* for the appellee (defendant).

Speziale, J. This is an appeal by the plaintiff from: (1) the judgment of the trial court, *Edelberg, J.,* denying the plaintiff's motion for modification of periodic alimony, and (2) the order of the trial court, *Santaniello, J.,* awarding the defendant counsel fees as an allowance to defend this appeal. The principal issue is whether the trial court abused its discretion in not ordering a modification of alimony under the authority of § 46b-86 (b) of the General Statutes, the so-called "cohabitation" statute; however, because we have decided to remand this case to the trial court for an articula-

tion of the basis of its decision, we do not reach the alimony issue at this time. As to the award of counsel fees, we find no error.

The marriage between the plaintiff, Harold L. Kaplan, and the defendant, Michele E. Kaplan, was dissolved on May 26, 1978. Among other awards, the defendant was awarded periodic alimony in the amount of $200 per week to continue until either her remarriage or the plaintiff's death. On April 17, 1980, the plaintiff filed a motion for modification of alimony under the authority of subsection (b) of General Statutes § 46b-86.[1] This provision states that the Superior Court may, in its discretion and after notice and hearing, modify an alimony award "upon a showing that the party receiving the periodic alimony is *living with another person* under circumstances which the court finds should result in the modification, suspension, reduction or

---

[1] "[General Statutes] Sec. 46b-86. MODIFICATION OF ALIMONY OR SUPPORT ORDERS AND JUDGMENTS. (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law.

"(b) In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the superior court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

termination of alimony because the living arrangements cause such a *change of circumstances* as to *alter the financial needs* of that party." (Emphasis added.) General Statutes § 46b-86 (b).

The plaintiff alleged[2] and attempted to prove at a brief hearing that the defendant was living with another person under circumstances "tantamount to remarriage" and within the scope of § 46b-86 (b). On June 17, 1980, the plaintiff's motion for modification was denied by the court, *Edelberg, J.,* without any oral or written statement of the basis of its decision and the plaintiff appealed. On October 2, 1980, the court, *Santaniello, J.,* awarded the defendant counsel fees "to the extent of $2000.00" as an allowance to defend this appeal, from which order the plaintiff also appealed.

As to the question of the counsel fees, under § 46b-62 of the General Statutes the trial court in its discretion may grant such fees. *Viglione* v. *Viglione,* 171 Conn. 213, 219–20, 368 A.2d 202 (1976). The plaintiff challenges the allowance on the ground that the defendant is financially able to pay her counsel fees, citing this court's decision in *Koizim* v. *Koizim,* 181 Conn. 492, 500–501, 435 A.2d 1030 (1980). Under § 46b-62 the trial court considers not only the "respective financial abil-

___

[2] In the second paragraph of his motion for modification the plaintiff alleged: "2. For a substantial period of time following the [May 26, 1978 dissolution] Judgment and continuing up to the present time, the defendant, Michele E. Kaplan, has been living with Rainer M. Doost, PHD [sic] at 61 MacDonald Court in Noank, Connecticut under circumstances tantamount to remarriage and [they] have been conducting themselves as married persons. Such conduct on the part of the defendant constitutes a change of circumstances sufficient to the Court to terminate, reduce or suspend the alimony payment in accordance with the statutes made and provided."

ities" of the parties, but also the same factors relevant to the determination of alimony. See General Statutes § 46b-82. In view of the defendant's lack of the "ample liquid funds" referred to in this court's reversal of the fees award in *Koizim*, supra, the superior financial situation of the plaintiff, and the fact that the original dissolution judgment awarded periodic alimony to the defendant, we cannot say that the trial court abused its discretion in the allowance of counsel fees. *Fattibene* v. *Fattibene*, 183 Conn. 433, 444, 441 A.2d 3 (1981); see also *Murphy* v. *Murphy*, 180 Conn. 376, 380, 429 A.2d 897 (1980).

As previously noted, the principal issue before us is whether the trial court abused its discretion by not ordering a modification of alimony under the so-called "cohabitation" statute, § 46b-86 (b). While this court has not previously had occasion to deal with § 46b-86 (b), it is clear that this provision was intended to apply to the factual situation alleged by the plaintiff.[3] It requires the party moving for modification to show that the party receiving alimony is "living with another person" and that this living arrangement has caused a "change of circumstances" which "alter[s] the financial needs" of the party receiving alimony. General Statutes § 46b-86 (b). We note that the General Assembly chose the broader language of "living with another person" rather than "cohabitation" and that this provision requires only a

[3] The stated purpose of the bill which was eventually enacted as Public Acts 1977, No. 77-394, now § 46b-86 (b), was "to correct the injustice of making a party pay alimony when his or her ex-spouse is living with a person of the opposite sex, without marrying, to prevent the loss of support." H.B. 6174, 1977 Sess.

"change" of circumstances, not a "substantial change" as required by § 46b-86 (a).[4]

Our review of a trial court's decision on a motion for modification of periodic alimony is limited to deciding whether the trial court has abused its discretion. *Hardisty* v. *Hardisty,* 183 Conn. 253, 260, 439 A.2d 307 (1981); *Koizim* v. *Koizim,* 181 Conn. 492, 498, 435 A.2d 1030 (1980); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979). As previously indicated, the trial court simply denied the motion for modification without providing any oral or written basis for its decision. See Practice Book §§ 327, 3060B; cf. *Scherr* v. *Scherr,* 183 Conn. 366, 368, 439 A.2d 375 (1981). In the absence of specific findings by the trial court and a basis for its decision, we are not able to determine whether the court's discretion was abused in this case. Where "necessary to the proper disposition of the cause," this court may "remand the case for a further articulation of the basis of the trial court's decision." Practice Book § 3060D; *Powers* v. *Powers,* 183 Conn. 124, 125, 438 A.2d 845 (1981). For the reasons set forth above, sua sponte we remand this case for an articulation of the trial court's denial of the plaintiff's motion.

There is no error as to the award of counsel fees, but as to the denial of the plaintiff's motion for modification of periodic alimony the case is remanded with direction.

In this opinion the other judges concurred.

---

[4] See footnote 1, supra.