## Rita A. Lupien *v.* Hervey A. Lupien
### (10994)

Speziale, C. J., Peters, Healey, Shea and Sponzo, Js.

Argued November 29, 1983—decision released March 13, 1984

*M. Fred DeCaprio,* for the appellant (plaintiff).

*Wesley W. Horton,* for the appellee (defendant).

Speziale, C. J. The plaintiff appeals from the judgment of the trial court terminating her award of alimony. Because we hold that the trial court was not clearly erroneous in finding that the plaintiff was living with another person under circumstances that caused such a change of circumstances as to alter her financial needs, there is no error.

The parties were divorced on September 22, 1967, and the defendant was ordered to pay the plaintiff $150 per week periodic alimony. In 1980, the defendant moved to "modify the Judgment by reducing, suspending or terminating the alimony." The defendant claimed, inter alia, that the plaintiff was living with another man under circumstances that caused a change in her financial needs.[1]

---

[1] The defendant also claimed that the plaintiff's employment by Gilbert Poirier had caused a change in the plaintiff's financial circumstances.

Following a hearing on the motion, the trial court found that the plaintiff "is living openly with another man [and] receives support from this other man . . . ." The trial court modified the judgment of 1967 and ordered alimony terminated. The plaintiff appealed and alleges that there was insufficient evidence to find either that the plaintiff was living with another person or that her living arrangements had caused a change in her financial circumstances. We disagree.

To modify an award of alimony pursuant to General Statutes § 46b-86 (b), the trial court must find "that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."[2] See *Kaplan* v. *Kaplan,* 185 Conn. 42, 440 A.2d 252 (1981). The trial court so found but the plaintiff argues that its finding was "clearly erroneous."

The evidence before the court showed that Gilbert Poirier had been living in a room in the plaintiff's home for two years. The plaintiff was paid $30 weekly for food by Poirier and he performed numerous handyman chores for her.[3] These chores included roofing the garage, reconstruction of cubicles remaining from the

---

[2] General Statutes § 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the superior court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

[3] The plaintiff's twenty year old son also resided in the house and paid $30 weekly to the plaintiff.

defendant's dental practice, repair and maintenance of a swimming pool, and installation in the plaintiff's house of a wood stove owned by Poirier. Because of lack of finances, the plaintiff had not previously been able to "fix up" the house. Poirier and the plaintiff are "going steady" and "occasionally" have "marital relations." The plaintiff would like to marry him. After finding that the plaintiff and Poirier were "cohabiting" and that "the living arrangements . . . have caused such a change of circumstances as to alter materially her financial needs," the trial court terminated the alimony award.[4]

"This court may reject a factual finding if it is clearly erroneous, in that as a matter of law it is 'unsupported by the record, incorrect, or otherwise mistaken.' *Kaplan* v. *Kaplan,* [186 Conn. 387, 392, 441 A.2d 629 (1982)]; *Schaffer* v. *Schaffer,* 187 Conn. 224, 228, 445 A.2d 589 (1982); Practice Book § 3060D." (Brackets in original.) *Garrison* v. *Garrison,* 190 Conn. 173, 176, 460 A.2d 945 (1983). There is nothing in the record before us to indicate that the trial court's findings were clearly erroneous. "This court, of course, may not retry a case. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975). The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court. See *Styles* v. *Tyler,* 64

---

[4] Although the trial court found a material alteration in the plaintiff's financial circumstances, General Statutes § 46b-86 (b) requires only "such a change of circumstances as to alter the financial needs of that party." See *Kaplan* v. *Kaplan,* 186 Conn. 387, 441 A.2d 629 (1982); *Kaplan* v. *Kaplan,* 185 Conn. 42, 440 A.2d 252 (1981).

Conn. 432, 450, 30 A. 165 (1894).'' *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982).

There was evidence in this case to indicate both that the plaintiff was living with another person and that this living arrangement caused such change in circumstances as to alter her financial needs. While termination of alimony is a harsh result, we are unable to say that the trial court's findings were clearly erroneous.[5]

''A factual finding may not be rejected on appeal merely because the reviewing judges personally disagree with the conclusion or would have found differently had they been sitting as the factfinder. Cf. *Gallo* v. *Gallo,* 184 Conn. 36, 440 A.2d 782 (1981). . . . This court may not substitute its own opinion as to the living arrangements of the [plaintiff] for the factual finding of the trial court.'' *Kaplan* v. *Kaplan,* 186 Conn. 387, 391–92, 441 A.2d 629 (1982).

There is no error.

In this opinion the other judges concurred.

---

[5] We have no occasion to consider in this appeal whether alimony that has been terminated might be reinstated, and, if so, the circumstances under which the order might be reinstated. See General Statutes § 46b-86 (a); *Christiano* v. *Christiano,* 131 Conn. 589, 592–94, 41 A.2d 779 (1945).

We note that the plaintiff alleges only that the trial court's findings were clearly erroneous due to insufficient evidence. Contrary to counsel's contention at oral argument, we find no presentation of the issue of whether the trial court abused its discretion in terminating alimony rather than in suspending it or reducing it.