## HARTFORD ACCIDENT AND INDEMNITY COMPANY *v.* CONNECTICUT BANK AND TRUST COMPANY (2439)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued April 3—decision released June 5, 1984

*William G. Speed IV,* with whom, on the brief, were *Jerome D. Elbaum* and *Karl W. Punzak,* for the appellant (plaintiff).

*Bruce G. MacDermid,* for the appellee (defendant).

PER CURIAM. The plaintiff subrogee of Dunham-Bush, Inc., appeals[1] from a judgment by the trial court for the defendant in a suit for damages allegedly incurred when the defendant paid checks with unauthorized endorsements.

The trial court found that the defendant, Connecticut Bank and Trust Company (CBT), carried its burden of proof with respect to its own due care and on the issue of the negligence of the plaintiff's assignor, and, as a result, the court rendered judgment in the defendant's favor on all counts of the complaint. Hartford Accident and Indemnity Company (Hartford), as the assignee of Dunham-Bush, Inc. (Dunham), the party found to be negligent, appeals from the finding of negligence on the part of Dunham and the finding of due care on the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

part of CBT, and also claims that there were issues of law which should have been addressed, but which were not addressed because the trial court allowed the negligence and due care findings to dispose of the entire case.

The undisputed facts are as follows. Dunham maintained a checking account with CBT. Charles Currie, the general credit manager of Dunham-Bush International, a division of Dunham, also maintained a checking account with his wife at CBT. Between February and November of 1975, Currie deposited six checks, which were payable to Dunham, into his own personal account. These checks totalled $60,091.86. It was later discovered that Currie had misappropriated twenty-five checks over a period of at least three years.

Dunham is a wholly owned subsidiary of Signal Companies, Inc. Signal Companies, Inc., and its subsidiaries carried a comprehensive dishonesty, disappearance and destruction policy with Hartford which insured Dunham against losses from misappropriations by its employees. After the loss was discovered, Hartford paid Dunham $50,091.86 (the total less $10,000 deductible) on this policy. At that time, Dunham signed an agreement authorizing Hartford to act on its behalf in obtaining recovery of the loss from CBT. In this capacity, Hartford demanded payment of $60,091.86 plus interest from CBT, but CBT refused to make this payment.

Hartford brought suit demanding payment, alleging that CBT was negligent and careless in several respects; that CBT was liable for conversion; General Statutes § 42a-3-419; and that, pursuant to General Statutes § 42a-4-213 (3), CBT was accountable to Dunham since it had received a settlement for each of the checks from a payor bank.

CBT alleged that it had acted in good faith in accordance with reasonable commercial standards applicable

to the banking business; that Dunham was precluded from recovering because of its own negligent conduct; that Hartford could not recover because it is a compensated surety; and that General Statutes § 42a-4-213 (3) does not impose any liability against CBT in favor of Dunham. The trial court found that Dunham's negligence in handling receivables, in concentrating authority in one person, and in failing to act on the auditor's recommendations for dealing with receipts, all substantially contributed to the making of the unauthorized endorsements. Therefore, CBT was held to have prevailed by a preponderance of the evidence on the issue of Dunham's negligence as well as its own due care and thus successfully defended against all counts of the complaint.[2]

Hartford appeals on the grounds that the trial court erred in finding that CBT carried its burden of proof and in finding negligence on the part of Dunham to be dispositive of the allegations of conversion under § 42a-3-419 and CBT's accountability under § 42a-4-213 (3). Hartford also claims on appeal that it should be allowed to recover under the compensated surety doctrine.

The main thrust of the plaintiff's claims is an attempt to retry the factual questions of whether Dunham's own negligence substantially contributed to the making of the unauthorized signatures and whether the defendant bank acted in good faith and in accordance with the reasonable commercial standards of the banking industry of Connecticut at the pertinent times.

---

[2] Although the trial court did not cite General Statutes § 42a-3-406 in its opinion, the court applied the criteria of that statute. Section 42a-3-406 provides as follows: "Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business."

"This appeal is merely an attempt to retry the facts and to have the Appellate Court substitute its finite view of the facts for the factual determinations of the trial court. This court will not reverse the decision of the trial court unless it is found to be 'clearly erroneous in light of the evidence and the pleadings in the record as a whole.' *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see Practice Book § 3060D. The factual conclusions of the trial court 'must stand unless they are legally and logically inconsistent with the facts found.' *State* v. *Lasher,* 190 Conn. 259, 267, 460 A.2d 970 (1983). Weighing the evidence is the function of the trier of fact and this court will not usurp that role. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981)." *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983); see *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984).

The trial court filed an extensive memorandum of decision, *Hartford Accident & Indemnity Co.* v. *Connecticut Bank & Trust Co.,* 39 Conn. Sup. 240, 476 A.2d 1083 (1982), in which it discussed both the factual and legal issues involved in the plaintiff's claims for relief. After examining the record on appeal and after considering the briefs of the parties and their arguments, we conclude that there is no error in the judgment from which the appeal was taken and that the memorandum of decision filed by the trial court adequately and properly disposes of the contentions of the parties. *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16 (1984). The decision of the court "so completely articulates the issues involved in this appeal and so adequately explains the legal basis for its conclusions that it may appropriately be referred to for a detailed discussion of the facts and the applicable law. To incorporate that discussion herein would be redundant." Id.;

see *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253–54, 470 A.2d 1216 (1984); *Ribicoff* v. *Division of Public Utility Control,* 187 Conn. 247, 248, 445 A.2d 324 (1982). Since the trial court found for the defendant, it was unnecessary for the court, or for this court, to consider the question of whether the plaintiff was barred from recovery as a compensated surety.

There is no error.