SALEM S. SHAPIRO *v.* CONEY ISLAND
RESTAURANT ET AL.
(2152)

DALY, SPADA and PURTILL, Js.

Argued April 26—decision released June 25, 1985

*Donald F. Zezima,* with whom, on the brief, was
*Brian Lyman-Askew,* for the appellants (defendants).

*Jan A. Marcus,* with whom, on the brief, was *Alan
R. Spirer,* for the appellee (plaintiff).

PURTILL, J. The plaintiff brought this action against
the Coney Island Restaurant, an unincorporated busi-
ness, and Eleftherios Begetis, an individual, for recov-
ery of a fee for services performed under a written
contract. The trial court rendered judgment for the
plaintiff, and the defendants have appealed, claiming
error in the trial court's determination that the con-
tract was supported by consideration and that the plain-
tiff performed his part of the contract. We find no
error.

The following facts were determined by the trial court
and are not in dispute. The parties entered into a writ-

ten contract on February 14, 1974. Under the terms of this contract, the plaintiff, a consultant in the real estate and urban renewal field, was to provide technical consulting services to the defendants to establish their eligibility for maximum relocation benefits under the Uniform Relocation Assistance and Real Property Acquisition Act of 1970. In return for such services, it was agreed that the defendants would pay the plaintiff 20 percent of the gross revenue received from the Stamford urban renewal commission. The trial court found that the plaintiff performed his duties under the contract and that the defendants received $34,565 from the Stamford agency. This formed the basis of the trial court's award of damages in the amount of $6913.

The defendants' first claim of error, that the contract is not supported by consideration, is predicated on the fact that a determination of eligibility under the Uniform Act was made by the Department of Housing and Urban Development (HUD) on February 12, 1974. Since this was two days prior to the contract date of February 14, 1974, the defendants contend that the contract was based upon past consideration and therefore is invalid.

The basis of the defendants' claim here is that the contract merely required the plaintiff to establish Coney Island's eligibility under the act and that since HUD had made that determination prior to the contract date, the agreement was void for lack of consideration under the general rule that "past services will not constitute a sufficient consideration for an executory promise of compensation for those services." *Osborne* v. *Locke Steel Chain Co.*, 153 Conn. 527, 533, 218 A.2d 526 (1966); see also *Dick* v. *Dick*, 167 Conn. 210, 224, 355 A.2d 110 (1974).

The trial court found, however, that there were continuing problems with the Stamford urban renewal

commission which required continued effort on the part of the plaintiff to ensure that the HUD determination was carried out. A review of the written contract clearly supports the position that the plaintiff had a continuing obligation and was obligated to more than merely assist with the initial determination.

The conclusion by the trial court that the contract was based upon adequate consideration must stand. The record of this case indicates that there was ample evidence to support the trial court's conclusion of adequate consideration. It cannot be said, therefore, that that conclusion was, as a matter of law, unsupported by the record, incorrect or otherwise mistaken. *Kaplan* v. *Kaplan,* 186 Conn. 387, 392, 441 A.2d 629 (1982).

The defendants attempt to make much of an unapparent error in the memorandum of decision which recites that the contract was entered into on February 12, 1974, the same day of the HUD determination. The record clearly indicates and the parties agree that the contract date was in fact February 14, 1974. In view of the conclusion by the court that the plaintiff's contractual obligation extended past the HUD determination, the error is harmless. In cases where the trial court arrives at a correct decision but on mistaken grounds, which in this case appears to have involved a typographical error, the trial court's action will be sustained if proper grounds exist to support it. *State* v. *Geyer,* 194 Conn. 1, 17, 480 A.2d 489 (1984); *Allied Plywood, Inc.* v. *Planning & Zoning Commission,* 2 Conn. App. 506, 509, 480 A.2d 584 (1984). The record amply supports the trial court's ultimate conclusion that the contract was supported by adequate consideration.

The second claim raised by the defendants, that it was error for the trial court to conclude that the plaintiff performed his part of the contract, is a further

attempt to relitigate the case. The trial court found that while much of the effort put forth by the plaintiff was for a group of clients located in the same quadrant as the defendants, the defendants were within the group and benefited from such efforts. As the trial court found, the mere fact that the defendants chose to be assisted by their accountant in negotiation, does not preclude the plaintiff from receiving benefits due him under the contract.

The conclusions of the trial court are clearly supported by the evidence and such conclusions cannot be considered to be clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 435 A.2d 24 (1980); *Hartford Accident & Indemnity Co.* v. *Connecticut Bank & Trust Co.,* 2 Conn. App. 110, 113, 476 A.2d 1077, cert. denied, 194 Conn. 802, 477 A.2d 1021 (1984).

There is no error.

In this opinion the other judges concurred.