[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO TERMINATE ALIMONY (DOCKET ENTRY NO. 122.00)
The plaintiff has filed a motion pursuant to § 46b-86(b) of the General Statutes seeking a termination of alimony in which it is alleged that the defendant is cohabiting with a man and has been receiving financial assistance from him since March of 1995.
Section 46b-86(b) of the General Statutes provides as follows:
 In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered CT Page 10927 providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party. (Emphasis supplied.)
The person with whom it is claimed the defendant is living lives in Branford, Connecticut. He has two minor children who visit him at this address. He drives his children to school in Hamden two or three times a week. He owns commercial real estate in Branford. He owns two businesses in Bridgeport, a business in Wallingford and a business in Milford. He belongs to a health club in Branford and a golf club in Wallingford. He does spend Wednesday night and every other Sunday night at the defendant's home overnight. There are times when he may spend another night during the week at the defendant's home.
The defendant lives at 36 Northwood Drive in Easton, Connecticut. She met the gentleman with whom it is alleged she is living four years ago. Approximately three years ago they became romantically involved, and he stays at her home about two nights a week. She stays every other weekend at his home in Branford. She has three minor children, ages 15, 12 and 9, living with her and occasionally the defendant and her friend with children will party together. Defendant's male friend has attended family get-togethers.
While there is an on going relationship between the defendant and her male friend, they are not "living together" as contemplated by the statute. "The General Assembly chose the broader language of `living with another person' rather than cohabitation." Kaplan v. Kaplan, 185 Conn. 42, (1981), on appeal after remand, 186 Conn. 387 (1982). "Whether an individual is living with another person is a fact specific determinative." See D'Ascanio v. D'Ascanio, 237 Conn. 481, 486 (1996); Lupien v.Lupien, 192 Conn. 443 (1984); Kaplan v. Kaplan, 186 Conn. 387
(1982); Duhl v. Duhl, 7 Conn. App. 92 (1986). The fact specific determination is that the defendant is not "living with another person" as set forth in the statute. CT Page 10928
While this individual has contributed to the defendant's financial needs, these contributions have all been for a specific purpose except for the use of an automobile free of charge. The court does not find a "living arrangement" which causes "such a change of circumstances as to alter the financial needs" of that party (the defendant).
The motion to terminate alimony is denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE