[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTIONS FOR MODIFICATION OF FINANCIAL ORDERS
On December 21, 1998, the court heard the parties concerning the Plaintiff's two motions for modification dated December 3, 1998; the first motion sought to relieve the Plaintiff of the responsibility of paying the automobile loan for the Ford Taurus in her possession, the second motion sought an additional payment of $75 per week to her as well as an allowance of $1000 from an existing escrow account for the purpose of permitting her to rent a larger apartment. The last motion, as amended by the Plaintiff's testimony, indicated that if such financial relief was not soon awarded, the Plaintiff would move to Florida to live with her mother, as she cannot afford to continue to live in Connecticut, even though she wishes to do so.
As a preliminary matter, the court must determinate whether or not there has been a substantial change in the parties' financial circumstances warranting a modification in the financial orders. The burden of proof is on the party seeking the modification. Connolly v. Connolly, 191 Conn. 468, 473,464 A.2d 837 (1983); Kaplan v. Kaplan, 185 Conn. 42, 46, 440 A.2d 252
(1981); Richard v. Richard, 23 Conn. App. 58, 63, 579 A.2d 110
(1990). "That party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v.Harlan, 5 Conn. App. 355, 357, 496 A.2d 129 (1985). "In determining whether there is a substantial change in circumstances, the court considers all evidence back to the most recent court order." Borkowski v. Borkowski, 228 Conn. 729, 741,638 A.2d 1060 (1994). In this case, the financial orders have not been modified since their inception on April 27, 1998.
As unfortunate as the Plaintiff's economic circumstances are and despite the efforts she has made to cope with an impossible financial situation, in December of 1998 she earns more income and has fewer expenses than she had when the original pendentlite orders were entered by the court on April 27, 1998. The parties have sold the house they once owned and the Plaintiff is not required to pay the mortgage. She also testified that she has not made the payment on the Ford Taurus for the past three months. The court cannot therefore find, based on the most recent order, that there has been a substantial change in her financial CT Page 15126 circumstances or that the continued operation of these orders would be unfair or improper.
The Plaintiff also claims that the Defendant is underemployed as he is earning less than he did in 1997 when he was working as an ironworker for Mohawk Construction. This may be an argument for the final dissolution hearing, which is expected to be held in January 1998. At present, however, the Defendant's financial affidavit on April 27, 1998 shows net weekly income of $414 and as of December 21, 1998, net weekly income $308.68 while he continues to be employed as a subcontractor for the same company where he worked in the same capacity in April 1998. He testified that he has lost time from work due to bad weather and for days lost due to court appearances. He continues to pay child support in the amount of $120 per week as originally ordered, and the Plaintiff is not seeking a modification of this order. Again, the court cannot find this to be a substantial change in circumstances justifying an upward modification in any payments to the Plaintiff.
The parties's financial predicament is unfortunate and demonstrates that while the couple together might have been able to survive financially, when living separately, neither has enough income to function. Each will need to adjust their working situation and income opportunities to address the financial straits in which they find themselves. From the testimony, the court concludes that there is a reasonable likelihood that each will be able to do so in the future.
During their testimony, the parties each indicated their willingness to swap vehicles, for the Plaintiff to have the Chevrolet truck the Defendant is now driving and for the Defendant to have the Ford Taurus the Plaintiff is now driving. The Defendant also indicated his willingness to pay the auto loan, but that he was unwilling to pay for the insurance on the Ford Taurus, which is titled in the Plaintiff's name. He testified that he will be required to continue to pay the insurance on the Chevrolet truck and he cannot afford both insurance payments. In view of the parties' agreement, the court orders that the Plaintiff have exclusive use of the Chevrolet truck and that the Defendant have exclusive use of the Ford Taurus, commencing December 23, 1998. The court further orders that the Plaintiff be relieved of her obligation to make the payment on the loan due on the Ford Taurus and that the Defendant pay such loan. The court will leave the parties to determine the CT Page 15127 issue of the automobile insurance in the hopes that the existing insurance will carry them on a temporary basis until the final hearing in this matter, when ownership of the vehicles can be assigned and allocation of the escrow account may be made. Given the temporary nature of the situation in which the parties find themselves and the lack of a predicate factual basis for a modification, the court denies the Plaintiff's two motions. To the extent that the Plaintiff's second motion is to be considered a motion for permission to relocate outside the State of Connecticut for financial reasons, the court also denies that portion of the motion as the parties share joint custody of their one minor child, age four and the Defendant is seeking shared custody of his stepson, now age nine.
Barbara M. Quinn, Judge