LISA BARBIERI *v.* DENNIS GUAGLIANONE
(AC 18508)

O'Connell, C. J., and Landau and Daly, Js.[1]

Argued February 17—officially released June 20, 2000

*Dennis J. Guaglianone,* pro se, the defendant (appellant).

*Jeffrey D. Ginzberg,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Dennis Guaglianone, appeals from the postjudgment orders rendered in this marriage dissolution action. The defendant raises

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

eleven issues and asks us to reverse the judgment of the trial court.[2] We affirm the judgment of the trial court.

A trial court, in deciding family matters, is vested with broad discretion. *Yontef* v. *Yontef*, 185 Conn. 275, 279, 440 A.2d 899 (1981); *Cotton* v. *Cotton*, 11 Conn. App. 189, 193, 526 A.2d 547 (1987). Appellate review of the exercise of that discretion is limited to determining whether the trial court correctly applied the law and whether the court could reasonably have concluded as it did. *Timm* v. *Timm*, 195 Conn. 202, 210, 487 A.2d 191 (1985). "[E]very reasonable presumption must be given in favor of its correctness." (Internal quotation marks omitted.) Id., 206. The appearance and attitude of the parties and all of the surrounding factual circumstances are uniquely significant in domestic relations cases. *Yontef* v. *Yontef*, supra, 279.

A dissolution action is essentially equitable in nature. *LaCroix* v. *LaCroix*, 189 Conn. 685, 689, 457 A.2d 1076 (1983); *Seymour* v. *Seymour*, 180 Conn. 705, 710, 433 A.2d 1005 (1980). The trial court's equity powers are essential to the task of fashioning relief out of the infinite variety of factual situations presented in family cases.

Decision making in family cases requires "flexible, individualized adjudication of the particular facts of each case." This court will not substitute its own opinion for the factual findings of the trial court. *Hill* v. *Hill*, 35 Conn. App. 160, 166, 644 A.2d 951, cert. denied, 231 Conn. 914, 648 A.2d 153 (1994), cert. denied, 513 U.S. 1059, 115 S. Ct. 669, 130 L. Ed. 2d 603 (1995). The trial court has a distinct advantage over a reviewing court in determinations of fact in domestic relations matters because all of the surrounding circumstances, including the appearance and attitude of the parties,

---

[2] The defendant's issues include matters of evidence, trial court procedure, attorney's fees and contempt.

are so important. *Weinstein* v. *Weinstein*, 18 Conn. App. 622, 625, 561 A.2d 443 (1989). The trial court has the "unique opportunity to view the evidence presented in a totality of the circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold printed record which is available" to the reviewing court. *Lupien* v. *Lupien*, 192 Conn. 443, 442–46, 472 A.2d 18 (1984), citing *Styles* v. *Tyler*, 64 Conn. 432, 450, 30 A. 165 (1894); *Kaplan* v. *Kaplan*, 186 Conn. 387, 391, 441 A.2d 629 (1982).

In reviewing the record and the arguments presented in this appeal, it is clear that the trial court properly applied the law and reasonably rendered its orders on the basis of all of the facts.

The judgment is affirmed.