## JANIS SOLOMON *v.* MORTON SOLOMON
### (AC 20813)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 20, 2001

*Michael A. Blanchard* filed a brief for the appellant (defendant).

*Sheila S. Horvitz* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Morton Solomon, appeals from the trial court's orders rendered in this action for the dissolution of the parties' marriage. On appeal, the defendant claims that the court abused its discretion (1) by failing to award him alimony and (2) in the division of assets.

"A trial court, in deciding family matters, is vested with broad discretion. . . . Appellate review of the exercise of that discretion is limited to determining whether the trial court correctly applied the law . . . .

"A dissolution action is essentially equitable in nature. . . . The trial court's equity powers are essential to the task of fashioning relief out of the infinite variety of factual situations presented in family cases. . . . Decision making in family cases requires flexible, individualized adjudication of the particular facts of

each case. This court will not substitute its own opinion for the factual findings of the trial court. . . . The trial court has a distinct advantage over a reviewing court in determinations of fact in domestic relations matters because all of the surrounding circumstances, including the appearance and attitude of the parties, are so important. . . . The trial court has the unique opportunity to view the evidence presented in a totality of the circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold printed record which is available to the reviewing court." (Citations omitted; internal quotation marks omitted.) *Barbieri* v. *Guaglianone*, 58 Conn. App. 378, 379–80, 754 A.2d 180, cert. denied, 254 Conn. 927, 761 A.2d 751 (2000).

In the present case, the court did not prepare a written memorandum of decision and did not sign the transcript of its oral decision, as required by Practice Book § 64-1. An unsigned transcript provided by the defendant reveals, however, that the court, in issuing its decision in open court, intended to order a transcript that would be signed and put in the judgment file. In view of that fact, and the fact that we have reviewed claims when an unsigned transcript contains a sufficiently detailed and concise statement of the trial court's findings; see *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 691 n.1, 751 A.2d 394 (2000); we will review the defendant's claims.

The transcript reveals that the court took into consideration, among other things, the occupations of the parties, their ages, their contributions to the marriage, the cause of the breakdown of the marriage and their opportunities for future earnings, and therefore properly considered factors set forth in General Statutes §§ 46b-81 (c) (setting forth factors for distribution of assets) and 46b-82 (setting forth factors for determining alimony). It is clear that the court properly applied the

law and reasonably rendered its orders on the basis of all of the facts.

The judgment is affirmed.