ANGELINA SANTA MARIA *v.* KATIE KLEVECZ ET AL.
(AC 21280)

Dranginis, Flynn and Daly, Js.

Argued January 8—officially released May 21, 2002

*Warren Miller,* with whom was *R. Edward Phillips,* for the appellant (plaintiff).

*Mark J. Sheehan,* with whom was *Francine R. Devin,* for the appellees (defendants).

*Opinion*

DRANGINIS, J. The plaintiff, Angelina Santa Maria, appeals from the judgment of the trial court rendered in her favor in this personal injury action, claiming that the court should have granted her motion to set aside the verdict. On appeal, the plaintiff claims that the motion was denied improperly because (1) the jury's failure to award noneconomic damages was contrary to the jury instructions and the evidence, (2) the amount of economic damages was contrary to the evidence presented and (3) the jury's award compels the conclusion that the jury was mistaken or influenced by prejudice, corruption or partiality. We affirm the judgment of the trial court.

This appeal arises from a personal injury action brought by the plaintiff to recover damages for injuries she sustained in an automobile accident with the defendants, Brian Klevecz and Katie Klevecz. At trial, the defendants admitted liability for the collision. The extent of injuries allegedly sustained by the plaintiff, however, was disputed. The jury awarded the plaintiff $2000 in economic damages. It did not award noneconomic damages. The plaintiff subsequently filed a motion to set aside the verdict, which the court denied. This appeal followed.

We must first consider whether the record is adequate for our review. In this case, the court denied the plaintiff's motion to set aside the verdict without comment. It did not prepare a written memorandum of decision, nor is there a signed transcript of an oral decision as required by Practice Book § 64-1. The plaintiff failed to complete the record by way of a motion for articulation. "It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. . . . Without the necessary factual and legal conclusions furnished by the trial

court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative. . . . We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings. . . . Where the transcript does not reveal the basis of the court's factual conclusion, we will not review the appellant's claims." (Internal quotation marks omitted.) *Mitchell* v. *Silverstein*, 67 Conn. App. 58, 61–62, 787 A.2d 20 (2001), cert. denied, 259 Conn. 931, 793 A.2d 1085 (2002). The record in this case includes an unsigned transcript that contains a sufficiently detailed and concise statement of the court's finding. See *Solomon* v. *Solomon*, 67 Conn. App. 91, 92, 787 A.2d 4 (2001). We therefore will review the plaintiff's claims.

"[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict and motion for a new trial . . . [is] the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . [W]e do not . . . determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Hackling* v. *Casbro Construction of Rhode Island*, 67 Conn. App. 286, 289, 786 A.2d 1214 (2001). With that standard of review in mind, we turn to each of the plaintiff's claims.

I

The plaintiff first claims that the jury award was contrary to the court's instructions. Specifically, the plaintiff claims that the jury was instructed that she was entitled to noneconomic damages for "pain, suffering,

physical or mental disability or impairment," but that the jury failed to award noneconomic damages despite evidence supporting such an award.[1]

"In a recently decided case, *Wichers* v. *Hatch*, 252 Conn. 174, 745 A.2d 789 (2000), our Supreme Court discussed the test that a trial court should use in deciding whether to set aside a verdict awarding economic damages but no noneconomic damages, and stated that the jury's decision to award economic damages and zero noneconomic damages is best tested in light of the circumstances of the particular case before it. Accordingly, the trial court should examine the evidence to decide whether the jury reasonably could have found that the plaintiff had failed in his proof of the issue. That decision should be made, not on the assumption that the jury made a mistake, but, rather, on the supposition that the jury did exactly what it intended to do.

"As we previously have stated, although the trial court has a broad legal discretion in this area, it is not without its limits. Because in setting aside a verdict the court has deprived a litigant in whose favor the verdict has been rendered of his constitutional right to have disputed issues of fact determined by a jury . . . the court's action cannot be reviewed in a vacuum. The evidential underpinnings of the verdict itself must be examined. Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury,

---

[1] General Statutes § 52-572h (a), which sets forth the relevant definitions of economic and noneconomic damages, provides in relevant part: "(1) 'Economic damages' means compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages; (2) 'noneconomic damages' means compensation determined by the trier of fact for all nonpecuniary losses including, but not limited to, physical pain and suffering and mental and emotional suffering . . . ."

if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should have been reached. . . . [I]f there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work their will." (Internal quotation marks omitted.) *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, 60 Conn. App. 465, 477–78, 760 A.2d 117 (2000), aff'd, 257 Conn. 359, 777 A.2d 681 (2001).

The transcript reveals that the court denied the plaintiff's motion to set aside the verdict on the ground that the jury's valuation of noneconomic damages was based on its assessment of the credibility of the witnesses and that the court could find no reason to usurp the jury's finding. We agree.

The jury heard testimony concerning the nature and extent of the plaintiff's alleged injury and pain and suffering. The jury first heard testimony from the plaintiff herself that she suffered neck and back pain, headaches, nausea, constipation and hemorrhoids, and that she had trouble sleeping. The jury had before it deposition testimony from Steven Grob, a chiropractor. He testified that the plaintiff had pain and that his initial diagnosis of her was a "lumbar disk displacement of L5, S1, which is the lowermost disk space in the lower back, lumbar radiculitis, cervical strain/sprain injury, headaches or cervical cranial syndrome and thoracic or mid-back strain/sprain." He rated the plaintiff as having a permanent disability that he described as "5 percent whole person impairments to the cervical, thoracic and lumbar spines as a result of the accident . . . that converts to 11 percent whole person impairment."

Michael Yoel, also a chiropractor, testified for the defendants. He testified that he reviewed the plaintiff's medical records and performed a medical examination of her. He testified that he observed no abnormalities or deformities and that the plaintiff utilized a full range of motion. In fact, he testified that the plaintiff's physical examination was "normal" and that he did not think that she had "any permanent physical disability." We note that Yoel did testify that "she had some injury and felt pain for a couple of weeks or maybe a couple of months." He went on to state, however, "I just don't believe it was . . . a permanent injury." He further undermined Grob's testimony by raising questions about his diagnoses and treatment plans.[2]

Our review of the record reveals that the defendants disputed the nature and extent of the plaintiff's injuries. On the basis of the testimony adduced at trial, we conclude that it was reasonable for the jury to conclude that the plaintiff's alleged pain and suffering was, at a minimum, exaggerated. First, the accident was relatively minor. It caused little or no damage to the vehicles and did not require emergency care for any of the parties. Second, the plaintiff complained of various ailments, which, if the jury believed Yoel, were not supported by her medical record or physical examination, and were not necessarily causally related to the accident. The record further supports the conclusion

---

[2] Among other things, Yoel testified that the cervical spine deterioration to which Grob referred in his testimony (1) often does not present pain, (2) the plaintiff's complaints of pain were inconsistent with her cervical spine curvature and (3) could not necessarily be attributable to a traumatic injury, but may have been due to normal deterioration. Yoel also testified, contrary to Grob's assertion, that observations with respect to the plaintiff's uneven stature were insignificant. He stated that there was nothing in the record or from his examination to support Grob's conclusion that the plaintiff suffered from lumbar disc displacement or lumbar radiculitis, and testified about inconsistencies and inadequacies in Grob's medical record keeping for the plaintiff.

that the plaintiff received treatment well beyond that which was medically necessary. The jury also heard testimony that the plaintiff previously had injured herself in a slip and fall. It was reasonable therefore for the jury to conclude that the fall or other stressors[3] were at least partially responsible for the plaintiff's alleged pain and suffering. That is consistent with the jury's award of economic damages substantially less than the amount sought. Cf. *Schroeder* v. *Triangulum Associates*, 259 Conn. 325, 333–34, 789 A.2d 459 (2002) (zero noneconomic damages improper where jury found defendant fully liable for all of plaintiff's claimed economic damages). "It is the province of the jury to weigh the evidence and determine the credibility and the effect of testimony . . . . [T]he jury is free to accept or reject each expert's opinion in whole or in part." (Citation omitted; internal quotation marks omitted). *Marchell* v. *Whelchel*, 66 Conn. App. 574, 583, 785 A.2d 253 (2001). We therefore cannot conclude that the court abused its discretion in denying the plaintiff's motion to set aside the verdict based on the jury's award of zero noneconomic damages.

II

The plaintiff next claims that the jury's award of $2000 in economic damages was contrary to the evidence presented. The plaintiff further claims that because the award was contrary to the evidence, the jury therefore must have been "mistaken, influenced by prejudice, corruption or partiality."[4] We are not persuaded.

"The test that governs the propriety of the amount of an award in these circumstances is whether the

---

[3] The record revealed that the plaintiff recently was divorced and was considering attending college.

[4] The plaintiff also argues that in light of the jury's award of economic damages, the jury's failure to award noneconomic damages must have been the result of prejudice, corruption or partiality. Because we held in part I that the award of zero noneconomic damages was supported by the evidence, we conclude that this claim is without merit.

award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. . . . On issues where the evidence allows room for reasonable differences of opinion among fair-minded people, if the conclusion of the jury is one that reasonably could have been reached, it must stand even though the trial court might have reached a different result." (Citation omitted; internal quotation marks omitted.) *Hackling* v. *Casbro Construction of Rhode Island*, supra, 67 Conn. App. 294–95.

The plaintiff argues that if the jury accepted the testimony of her expert witness, Grob, the evidence supports an award of $11,394.71. She points out that Yoel testified that she might need up to three months of treatment. The plaintiff concedes, as she must, that "the jury could reasonably have accepted only a portion of Dr. Yoel's testimony and determined, therefore, that less than three months of chiropractic treatment with Dr. Grob was reasonable and necessary." She then argues, disingenuously,[5] that the $2000 award "does not correspond to any reasonable combination of evidence presented to the jury."

"[T]he determination of the amount of damages to be awarded, if any, is solely the jury's function." General Statutes § 52-216b (b); *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, supra, 60 Conn. App. 473–75. "Although damages often are not susceptible of exact pecuniary compensation and must be left largely to the sound judgment of the trier . . . [a] situation does not invalidate a damage award as long as the evidence afforded a basis for a reasonable estimate by the [trier] of that amount. . . . Mathematical exactitude in the

---

[5] The plaintiff in her principal brief cites three different combinations of costs amounting to $2098.15, $1972.05 and $2021.05.

proof of damages is often impossible . . . . The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous." (Internal quotation marks omitted.) *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 862–63, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001).

We cannot say, in the present case, that the jury's award of $2000 in economic damages was contrary to the evidence. As we stated, the jury had before it testimony that not all of the plaintiff's treatments were necessary. The jury reasonably could have apportioned economic damages according to its assessment of necessary treatment. The plaintiff's own examples demonstrate that the jury's assessment of damages was proper.

The judgment is affirmed.

In this opinion DALY, J., concurred.

FLYNN, J., dissenting. I respectfully disagree with the majority as to its conclusion concerning noneconomic damages. I would reverse the judgment denying the motion to set aside the verdict and would order a new trial as to damages.

In my opinion, it is important to state at the outset what this case is not about. First, it is not a compromise general verdict. A general verdict was not rendered. Cf. *Stone* v. *Bastarache*, 188 Conn. 201, 204, 449 A.2d 142 (1982). The jury rendered special verdicts, as it was required to do by General Statutes § 52-225d, as to both economic and noneconomic damages. From these special verdicts, we are able to test whether each verdict was consistent with the particular circumstances before the jury.

Second, the infirmities concerning the verdict are unrelated to whether the impact between the vehicles of the plaintiff and the defendants was slight or not. Slight or not, we know from the special verdict rendered

on economic damages that the jury found that the collision in which the defendants' vehicle struck that of the plaintiff caused the plaintiff pain and injury for which the jury awarded damages incurred for treatment. That was all that the plaintiff was required to prove to establish the right to at least nominal damages for the suffering of that pain, whatever the degree of the severity of the impact.

Third, the fact that the jury did not award all of the economic damages claimed should also not make a difference, if in awarding the part it did allow it necessarily had to find that the defendants' negligence caused noneconomic damages, namely pain and suffering.

Fourth, while there were some items of noneconomic damages which the jury reasonably could have found not proved, that should not make a difference in determining what should be done about the jury's failure to award noneconomic damages for enduring pain, which it necessarily did find proved.

I now turn to those principles of law and facts that do make a difference in this case. In *Wichers* v. *Hatch*, 252 Conn. 174, 188–89, 745 A.2d 789 (2000), our Supreme Court held that a jury is not required to award noneconomic damages *merely* because it has awarded economic damages. *Wichers* did not hold that if an award of a particular item of damages, in light of the evidence and the instructions given, necessarily means that the jury found that the plaintiff also suffered noneconomic damages, the jury was somehow free to award nothing for the noneconomic damages it found proved. See also *Schroeder* v. *Triangulum Associates*, supra, 259 Conn. 333 ("jury reasonably could not have initially found the defendant liable for the expense of the surgery but not responsible for any pain or disability attendant to such surgery"). To the contrary, *Wichers* held that "the jury's decision to award economic damages and zero noneco-

nomic damages is best tested in light of the circumstances of the particular case before it." *Wichers* v. *Hatch*, supra, 188. In my opinion, under the circumstances in this case, an award of at least part of the total of economic damages claimed for the treatment of pain means necessarily that the defendants caused pain that needed to be treated and would not have occurred but for some negligent act of the defendants.[1] It is unjust not to award noneconomic damages for the pain and suffering the plaintiff endured when the jury first determined that the plaintiff had proved an injury that the defendants caused resulted in economic damages for the treatment of that pain.

We know that the jury awarded at least $372.85[2] of the amount claimed for the chiropractic treatment of pain. There was a special verdict here in which the jury was required to set out the total sum of economic damages it found proved for a chiropractic bill and other medical expenses. It awarded $2000 in economic damages. If we assume that the jury awarded all of

---

[1] I note from my review of the medical bills and reports in evidence that the plaintiff consulted the chiropractic offices of Steven D. Grob because of pain and stiffness in the cervical spine and low back. He treated her for that pain by spinal manipulation and adjustment, hot and cold packs, electrical stimulation, therapeutic exercise and other similar methods.

Any argument that, despite the substantial evidence to the contrary, the jury could have discredited the evidence of pain treatment by the chiropractor and only credited the evidence concerning chiropractic treatment of the injury itself does not make this verdict more logical, consistent or supportable because the plaintiff was still entitled to noneconomic damages for the infliction of the injury itself. The bodily injury itself is an item of noneconomic damages. Although a jury is not obligated to believe that every injury causes pain, it may not disregard an obvious injury. *Vajda* v. *Tusla*, 214 Conn. 523, 538, 572 A.2d 998 (1990). Nor is it logical to award damages for the treatment of an injury and award no noneconomic damages for sustaining it.

[2] Taking the $2000 jury award and deducting the total nonchiropractic medical expenses of $1627.15, which is comprised of $1239 for services rendered by Robert Shaw, a physician, $257.15 for services rendered by Lawrence & Memorial Hospital, and $121 for services rendered by Ocean Radiology Associates, leaves a balance of $372.85.

the other nonchiropractic medical expenses without diminution, we necessarily must conclude that it still included at least $372.85 toward chiropractic bills, which were incurred for the treatment of pain. The jury could not, therefore, reasonably have found that the plaintiff had failed in her proof on this issue. It awarded a part of the bill of a chiropractor who was engaged to treat pain. We, therefore, do not have the kind of "mere award" of economic damages that *Wichers* found did not mandate a noneconomic award. Instead, we have a verdict whereby in awarding some damages for chiropractic pain treatment, the jury necessarily found that the defendants caused pain. The jury had been charged to award fair compensation for any pain caused to the plaintiff by the defendants. Enduring pain and suffering from an injury, where it is caused by the defendants' negligence, is compensable. An award that includes nothing for such an item of noneconomic damage, which the jury found that the defendants caused, is manifestly unjust and should not stand. Such an unjust result cannot be justified on principles of finality or expediency.

I respectfully dissent.