[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After a trial the court finds as follows. Prior to 1986 Bristol General Manufacturing Company, Incorporated was owned by Achille Gianoni. Sometime in 1986, Achille Gianoni decided that he wanted to retire and transfer the business to his two sons who worked in business, John and Thomas Gianoni. The device used to transfer ownership was the creation of Bristol General Manufacturing Holding Company, Inc. Achille transferred all of the common stock of Bristol General Manufacturing Company, Incorporated ("Operating Corporation") to Bristol General Manufacturing Holding Company, Inc. ("Holding Corporation").
The transfer the ownership of Bristol General from Achille to John and Thomas took place on August 14, 1986. The basic outline of the transfer was as follows: All of the common stock of the Holding Corporation was transferred to John and Thomas Gianoni (50% each) in return for promissory notes. Achille retained ownership of the preferred stock in the Holding Corporation, which he intended as a device to give each of his seven children an equal portion of a non-voting interest in the Holding Corporation.
The last event that occurred on August 14, 1986 which is germane to the issues before the court is that the three Directors of the Operating Corporation (Achille, John, and Thomas Gianoni) passed a corporate resolution granting Achille Gianoni a pension in the amount of $1,000.00 per month for as long as he lived, and then $667.00 per month to Alda, his wife, if she survived him. Thomas Gianoni, as secretary of the Operating Corporation, delivered a letter to Achille informing him of the corporate resolution granting him a pension. Both the corporate resolution and the letter to Achille recited his long years of past service to the Operating Corporation as the only consideration for the pension.
After the death of Achille in August, 1995 the Operating Corporation paid Alda the pension in the amount of $667 until sometime in 1997, and CT Page 16589 then stopped. Alda Gianoni then commenced this action in which she claims a breach of the Operating Corporation's obligation to pay her a pension
The court must decide two issues with respect to the pension: 1) is the pension valid?; and, if so, 2) what amount is owed and how should it be paid?
The parties stipulated that Alda Gianoni's life expectancy is 9.3 years. The parties also stipulated that as of July, 2002. that if the pension obligation is valid, then the past due pension payments equaled $43,355, including the amount that would be due for the month of July, 2002.
It is elementary contract law that in order for a promise or contract to be binding it must be supported by consideration. See, Osborne v. TheLock Steel Chain, Co., 153 Conn. 527, 530, 531, 218 A.2d 526 (1966);Shapiro v. Coney Island Rest, 4 Conn. App. 336, 337, 494 A.2d 603
(1985). The adequacy of consideration is not an issue, but the person seeking to support the enforcement of a promise made by another must show that the promisor received something of value. The value could be the other party's promise to do something that the other party was not obligated to do, or the other party's promise to forebear from doing something that the party had a right to do. However, the party seeking to enforce the contract obligation of another must show that there was consideration for the promise. Osborne, supra, at 531.
It is also elementary contract law that past consideration is not valid consideration. Id., at 533. It is clear on the face of the documents purporting to create a binding pension obligation in the Operating Corporation that the only "consideration" is past consideration. The recited consideration is: "In consideration for Achille Gianoni's many years of service to the corporation. . . ." There was no recital of forgiving past due wages or other obligation, merely past services.
In Osborne v. The Lock Steel Chain, Co., supra, the Court noted that there were two separate considerations recited in the pension agreement: First, an exclusive agreement that the recipient of the pension, who was corporation's former chairman of the board, would hold himself available for consultation with the corporation and a covenant not to compete with the corporation; and Second, the past services of the pension recipient. The Court held that although the past services were not valid consideration, being past consideration, the other consideration, that is, the exclusive consultation agreement and covenant not to compete, was valid, or legal consideration, and therefore, the pension contract was not invalid for lack of consideration. In this case, however, the only CT Page 16590 consideration recited was the past services of Achille Gianoni.
Alda Gianoni argued at trial that the pension was a part of the entire plan to transfer the business to John and Thomas, and that, therefore, the court should consider the pension as part of the consideration for transfer of stock in the Holding Corporation by Achille to John and Thomas. There are three problems with that argument: First, it is simply not stated in the Operating Corporation's resolution or the letter informing Achille of the corporate action; Second, it differs from other letter agreements signed on the same day, which specifically recite that the obligations created in those agreements are in further consideration of Achille's transfer of the common stock to John and Thomas; and Third, all of the other obligations were obligations of the stockholders — John, Thomas or Achille. All of the considerations in the transactions transferring the stock of the Holding Corporation flowed between those individuals as stockholders or as purchasers of stock. Nothing of value flowed to the Operating Corporation.
The plaintiff argues that the court is not limited to the consideration for the pension recited in the documents, but must assess the consideration for the pension as a part of the overall consideration which Thomas and John paid for acquiring the stock in the Holding Corporation(which owned all the stock in the Operating Corporation). If Thomas and/or John had individually agreed to pay the pension, then this would be a valid argument. Unfortunately, the only defendant obligated to pay the pension was the Operating Corporation, and, as stated above,' it received no consideration to support that obligation other than the past services of Achille Gianoni.
There was no valid consideration whatsoever flowing to the Operating Corporation in exchange for its obligation to pay a pension. The pension is unenforceable. Based on the foregoing, judgment may enter in this case in favor of the defendants.[1]
By the court,
Aurigemma, J.