[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR REMITTITUR AND/OR SET ASIDE VERDICT
(A) The defendants allege the award of $46,000 for non-economic damages was excessive. They raise no issue with respect to the reasonableness of economic damages in the amount of $6,714.23.
"Great deference is to be accorded a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a jury trial includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court . . ." Childs v. Bainer, 235 Conn. 107, 112. Also seeWichers v. Hatch, 252 Conn. 174, 175; Santa Maria v. Klevecz,70 Conn. App. 10, 17.
The discretion vested in the trial court in this regard is not arbitrary or capricious discretion, but rather, it is legal discretion to be exercised within the boundaries of settled law. "This limitation on a trial court's discretion results from the constitutional right of litigants to have issue of fact determined by a jury." "This right encompasses the right to have a jury and not the court decide issues of fact as to which reasonable people may reach different conclusion." Berryv. Loiseau, 223 Conn. 786, 807 (1982). "Thus, the role of the trial court on a Motion to Set Aside the Jury's Verdict, is not to sit as a seventh juror, rather decide whether, viewing the evidence in light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did." Id. at 807-08; Santa Maria v. Klevecz, supra
13, 14.
Because setting aside or modifying a verdict deprives a litigant of her CT Page 4046 constitutional right to have disputed issues determined by a jury, the court must examine the evidential basis of the verdict.
There was evidence from which the jury could reasonably have concluded that the plaintiff sustained soft tissue injuries to her neck, low back and knee. The injuries to the neck and back resulted in a permanent disability of 5 percent in each area and were such as to predispose the plaintiff to flare ups and need for future care. She still suffers discomfort and her activities have been curtained. The plaintiff has a life expectancy of 42 years.
The evidence as to the nature and extent of the injuries causally related to the accident was such as to reasonably support the jury's conclusion relative to the award of $46,000 for non-economic damages.
(B) The defendants allege that the court erred in refusing to grant their motion for a mistrial because of a reference to insurance during the course of the trial. The reference to insurance was made by the defendant operator herself who now complains that said reference created a "prejudice."
The reference to insurance consisted of defendant operator's comment on cross examination that the attorney representing her was the attorney for the insurance company. The court gave a curative instruction as to the substance of which no exception was taken.
`The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated.' The granting of such a motion rests largely in the discretion of the trial court.
Dreier v. Upjohn Co., 196 Conn. 342, 351.
The occurrence in question does not pass muster under this rule nor was the refusal to grant a mistrial under the circumstances an abuse of discretion by the trial court.
Motion for remittitur and to set aside the verdict are denied.
Flanagan, Judge Trial Referee CT Page 4047