[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO APPROVE DEEDS — #187 AND OBJECTION TO. AND MOTION FOR DISAPPROVAL OF, SUBMITTED DEEDS — #188
This is an action instituted in 1997 claiming a partition of real properties in Bolton and Columbia owned by the Plaintiff and Defendants as tenants in common. On April 4, 2000 the court entered judgment ordering partition by sale and appointed Attorney Atherton Ryan as committee to accomplish the sale. All offers by prospective purchasers were ordered to be submitted to the court for approval prior to the entering into any agreement or contract for sale. On August 24, 2000 the court approved the offer of Michael Taylor to purchase the properties and granted the sale of the properties to Taylor, with the condition that Taylor personally guarantee the purchase. On September 8, 2000, the Defendant Morris Silverstein filed an appeal from that judgment. On November 20, 2001, the Appellate Court affirmed the judgment of the trial court (Mitchell v.Silverstein, 67 Conn. App. 58 (2001)). The Defendant's Motion for Reconsideration was denied by the Appellate Court, en banc, on January 10, 2002. The Defendant's petition for certification to appeal the Appellate Court's decision to the Supreme Court was denied on March 6, 2002 (Mitchell v. Silverstein, 259 Conn. 931 (2002)). On May 2, 2002 the Committee moved for approval of the deeds and authorization to pay certain property and conveyance taxes from the proceeds of the closing. By motion dated May 6, 2002, the Defendant moved for disapproval of the deeds stating that "[s]ome items and figures are, in parts, incorrect, inaccurate, and misleading, while others have not been included." By motion also dated May 6, 2002, the Defendant moved that "the contract for the sale of the properties be declared null and void and be rescinded because the purchaser has failed to comply with the terms and conditions of his offer, and this amounts to a breach of the sale contract." On August 22, 2002 that motion was denied. On September 6, 2002 the Defendant appealed to the Appellate Court from that order. CT Page 12841
On September 30, 2002, the court heard argument regarding the Committee's May 2nd motion for approval of the deeds and the Defendant's May 6th motion for disapproval of the deeds. At that time the Defendant argued that the automatic stay provisions of Practice Book § 61-11 precluded the court from acting on the motions. Section 61-11
provides that "proceedings to enforce or carry out the judgment or order appealed from shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause."
The order presently on appeal is the decision denying the Defendant's motion to void the sale because the purchaser has allegedly not complied with the conditions of the sale contract. The court rejected the Defendant's argument that the buyer was to convey the balance of the purchase price prior to the delivery of the deeds, and held that "the bond for deed does not obligate the buyer to pay the balance of the purchase price until the time when title to the property is conveyed to him."
Here the judgment regarding the approval of the sale of the property to Taylor has been previously appealed and affirmed and remains in full force and effect. The motion of the Defendant to void the sale to Taylor because of his alleged failure to comply with the terms of the bond for deed is ancillary to this judgment and, as Judge Levine noted in his decision of August 22, 2002, the Defendant is not a party to the bond for deed such that he can seek a remedy for its breach. In any event, a stay only operates to foreclose proceedings for the enforcement or carrying out of the order appealed from. Here the order appealed from is the denial of the Defendant's motion to void the sale to Taylor. There is nothing in that order sought to be enforced by the Plaintiff or the Committee. Where the very nature of the judgment being appealed belies anything to be enforced or carried out there is no proceedings to be stayed pursuant to Section 61-11. Borden v. North Stonington Planning Zoning Commission, Superior Court, judicial district of New London at New London, Docket No. CV 970542253S (October 6, 1998) (23 Conn.L.Rptr. 10). The Committee seeks only to enforce the judgment previously affirmed by the Appellate Court. That judgment approved the sale of the properties to Taylor and is still in effect despite the Defendant's appeal. Therefore the Court is not foreclosed by the automatic stay provisions of Section 61-11 from acting on the Committee's motion to approve the deeds.
At the hearing before the court on September 30, 2002, the Defendant raised a number of issues regarding the deeds. He claimed that the deeds left out items such as rights of way that he had over the land, that the CT Page 12842 descriptions were incorrect, etc. The court indicated at that time that it appeared that an evidentiary hearing would be necessary to address the Defendant's claims. Upon review of the file in this case the court believes that such a hearing is unnecessary. The deeds are in the form recommended for committee deeds in foreclosure matters and correctly recite the facts. D. Caron, Connecticut Foreclosures, (3d Ed. 1997), Form 71, p. 692. The buyer has no objection to the deeds. In addition, in the court's written decision of April 4, 2000 ordering the partition of the properties by sale, the description of the properties is set forth. The court's role now in approving the deeds is limited to whether the description of the properties contained in the deeds conforms to the description of the properties in the judgment. The court has compared the draft deeds attached to the May 2nd motion by the Committee for approval with the description of the properties in the judgment and they do so conform. Therefore, the motion to approve the deeds is granted and the Defendant's objection is overruled.
The Committee is ordered to submit original deeds to the court for approval.
___________________, J. Jane S. Scholl CT Page 12843